**In re Mary Lou BAKER, Debtor.**

**Mary Lou BAKER, Plaintiff,**

**v.**

**UNIVERSITY OF TENNESSEE AT CHATTANOOGA, Cleveland State Community College and Baroness Erlanger School of Nursing, Defendants.**

Bankruptcy No. 1–80–02024.
Adv. No. 1–80–0603.

United States Bankruptcy Court,
E. D. Tennessee.

May 8, 1981.

Ronald J. Berke, Chattanooga, Tenn., for plaintiff.

Alan M. Parker, Knoxville, Tenn., for defendant, University of Tennessee at Chattanooga.

Thomas R. Bain, Nashville, Tenn., for defendant, Cleveland State Community College.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

This cause came on to be heard on May 5, 1981 on debtor's complaint to determine dischargeability of certain educational loans. The complaint alleges that debtor is entitled to relief under 11 U.S.C. 523(a)(8) which reads as follows:

Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(8) to a governmental unit, or a non-profit institution of higher education, for an educational loan, unless—

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

. . . .

In her trial memorandum the debtor states:

Plaintiff will show that it would be an undue hardship on her to repay the loans. She will show that the student loans would require payments which she will not be able to make. She will show that without consideration of the student loans, her expenses are several hundred dollars in excess of her monthly income. She will show that she has had to get financial aid from her church and from relatives to meet her monthly expenses.

She would further show that her husband has left town and she is not receiving regular financial aid from him. She would further show that she has been unable to locate his whereabouts, even though governmental institutions have also attempted to help find him.

The University of Tennessee at Chattanooga and Cleveland State Community College have filed answers and trial memoranda in which they deny debtor is entitled to the relief sought. Baroness Erlanger School of Nursing is in default.

From the record in this cause it appears that debtor has three educational loans in the amounts indicated:

| | |
|---|---|
| University of Tennessee at Chattanooga | $ 600.00 |
| Cleveland State Community College | 2,335.00 |
| Baroness Erlanger School of Nursing | 3,700.00 |
| Total | $6,635.00 |

From the proof the court finds that debtor is employed and has take home pay of less than $650.00 a month. She has monthly expenses of $925.00 for herself and three children. She receives no child support. She receives no public support. She has no other income.

The debtor prepared a list of her monthly expenses:

### Expenses

| | | |
|---|---|---|
| Housenote | | $ 197.00 |
| Utilities | | |
| Electricity | $ 71.00 | |
| H₂O | 25.00 | |
| Heat | 70.00 | |
| Telephone | 15.00 | |
| Total | | $ 181.00 |
| Food | | $ 225.00 |
| Clothing | | $ 30.00 |
| Laundry & Cleaning | | $ 15.00 |
| Books . . . folders, paper, school supplies. . . | | $ 8.00 |
| Doctor & Rx Expense | | $ 20.00 |
| Recreation (Children only) | | $ 45.00 |
| Transportation | | $ 150.00 |
| Insurance (Life Ins.) | | $ 14.90 |
| Church | | $ 40.00 |
| Total | | $ 925.90 |
| Take Home Pay | | $ 650.00 |

After carefully listening to direct and cross examination the court finds no irregularities regarding the monthly expenses. Debtor could possibly reduce expenses some, but the court finds that debtor's reasonable expenses each month far exceed her income.

In January 1981 debtor's church paid $306.00 to the Chattanooga Gas Company so that debtor and her children could have heat in their home. Debtor has not been well. She has not been able to pay all of her medical bills. Debtor used 200 hours sick leave last year. One child has a reading difficulty. Another requires special shoes which are expensive.

In 1976 the Congress passed the Educational Amendments which restricted a discharge in bankruptcy. The restriction was designed to remedy an abuse by students who, immediately upon graduation, would file bankruptcy to secure a discharge of educational loans. These students often

had no other indebtedness and could easily pay their debts from future wages. See: *Discharging Student Loans In Bankruptcy*, 52 Am.Bkcy.L.J. 201.

In the present case the debtor did not file bankruptcy to secure a discharge only from her educational loans. Her petition shows that she had been sued and her wages were subject to garnishment. This situation often triggers bankruptcy. The debtor's present income is not sufficient to maintain her and her three children.

As noted in 3 *Collier on Bankruptcy*, 15th edition, at paragraph 523.18:

> Paragraph (B) of subdivision (a)(8) is the "hardship" provision that permits the court to discharge a student loan otherwise nondischargeable, if excepting the debt from discharge will impose an undue hardship on the debtor or the debtor's dependents. This exemption from the exception to discharge is discretionary with the bankruptcy judge who will have to determine whether payment of the debt will cause undue hardship on the debtor and his dependents thus defeating the "fresh start" concept of the bankruptcy laws. There may well be circumstances that justify failure to repay a student loan such as illness, incapacity or other extenuating circumstances. Where the court finds that such circumstances exist, it may order the debt discharged.

The court concludes that under the circumstances of this case, that requiring the debtor to repay the debts owed to the *three* defendants in the amount of $6,635.00 plus interest would impose upon her and her dependents an undue hardship. In passing the Educational Amendments of 1976 and including these amendments in the Bankruptcy Reform Act of 1978, Congress intended to correct an abuse. It did not intend to deprive those who have truly fallen on hard times of the "fresh start" policy of the new Bankruptcy Code.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.