**In re Michael J. ZIGLAR, Debtor.**

**COMMONWEALTH OF VIRGINIA, ex rel., STATE EDUCATION ASSISTANCE AUTHORITY, Plaintiff,**

v.

**Michael J. ZIGLAR, Defendant.**

**Bankruptcy No. 81–00111–R.
Adv. No. 81–0195–R.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

March 31, 1982.

---

James J. Burns, Wallerstein, Goode & Dobbins, Richmond, Va., for plaintiff.

James R. Sheeran, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a complaint by the Commonwealth of Virginia, *ex rel.* State Education Assistance Authority (Authority) to determine the dischargeability of a debt owed by Michael J. Ziglar (Ziglar), the Debtor herein. Because no facts are disputed, the parties agreed to submit briefs and a stipulation of facts to the Court in lieu of trial.

On June 30, 1981 Ziglar filed with this Court a petition for relief under Chapter 7 of the United States Bankruptcy Code. Between August 28, 1971 and July 9, 1974 Ziglar and his wife, Joyce Ziglar, made and delivered in Norfolk, Virginia seven guaranteed student loan plan time notes in the sum of $7,450.00 plus interest at the rate of 7% per annum to Virginia National Bank, Norfolk, Virginia. Each of the seven notes was due and payable in February, 1976. These loans were federally insured student loans made under the provisions of Chapter 28, Title 20, United States Code (20 U.S.C. §§ 1071 *et seq.*). The notes were assigned for value to the Authority on or about June 15, 1976.

The Ziglars defaulted on these loans and the Commonwealth of Virginia obtained two judgments against them on April 7, 1977 in the Richmond General District Court. One judgment was obtained against Joyce Vonda Ziglar and Michael J. Ziglar in the amount of $3,194.85 plus interest and costs. The second judgment was obtained against Michael J. Ziglar and Joyce V. Ziglar in the amount of $6,347.52 plus interest and costs.

Later, on December 5, 1978, the Ziglars executed a new note in favor of the Authority. The note was entitled "State Education Assistance Authority Guaranteed Student Loan Plan Installment Note", and its principal amount of $10,287.55 was payable to the Authority with the first payment due on March 15, 1979. The consideration for the execution of this note was the release of the two judgments obtained on April 7, 1977 against the Ziglars. The Ziglars received no other consideration in exchange for the note. The Ziglars defaulted in the payment of this note on December 5, 1978. The Authority obtained a judgment on September 16, 1980 in the Circuit Court of the City of Richmond against Michael J. Ziglar in the sum of $7,022.12 with interest thereon at the rate of 12% per annum from September 16, 1980 plus attorney's fees in the amount of $1,263.98 plus costs as a result of the Ziglars' default. The present unpaid balance of the judgment is $8,162.30 plus interest thereon at the rate of 8% per annum from April 24, 1981.

■ 11 U.S.C. § 523(a)(8) provides in pertinent part that "[a] discharge . . . does not discharge an individual debtor from any debt . . . to a governmental unit, or a nonprofit institution of higher education, for an educational loan, unless . . . such loan first became due before five years before the date of the filing of the petition . . . ." The precise issue which this Court faces in this matter is whether the note the Ziglars executed in favor of the Authority on December 5, 1978 was on account of an educational loan. The note contains the provision that the obligation is nondischargeable in bankruptcy pursuant to 20 U.S.C. § 1087–3. If the Authority's agreement to forego enforcement of its judgments can be construed to be an educational loan, the debt reflected in the Ziglars' note to the Authority is nondischargeable pursuant to § 523(a)(8).

The original notes the Ziglars owed the Authority first became due in February, 1976 which was more than five years before Ziglar filed this petition in bankruptcy. The note the Ziglars executed on December 5, 1978 became due within five years of the filing of the petition. The Authority contends that the Ziglars' note dated December 5, 1978 constitutes a guaranteed student

**300**

loan which is nondischargeable pursuant to ¹1 U.S.C. § 523(a)(8).

 In order to be dischargeable, the loan must be a student loan which has first become due prior to five years before the date of filing the bankruptcy petition. Congress enacted no provision rendering all educational loan debts nondischargeable, but directed this section ". . . at those who, with well-paying jobs, have resorted to bankruptcy shortly after leaving school and who may have accepted student loans anticipated wiping them out by filing bankruptcy petitions." 3 *Collier on Bankruptcy* ¶ 523.18 (15th ed. 1981). In the instant case Ziglar filed his petition in bankruptcy more than five years after the loans first became due. He thereby belongs in the category of debtors which Congress intended to permit to discharge educational loans. Were this Court to accept the Authority's interpretation of this section it would circumvent the clear intent of Congress to allow debtors to discharge student loans in cases in which more than five years have elapsed since the notes executed on behalf of those loans first became due.

The note the Ziglars executed in 1978 was not in exchange for a student loan. The Ziglars received no money loan in exchange for the note and the Authority does not allege they returned to school after executing the note. The note was executed in exchange for the Authority's agreement to release the two judgments it had against them. Only educational loans are nondischargeable pursuant to § 523(a)(8) of the Bankruptcy Code. Because no educational loan was extended to Ziglar in return for the 1978 note the debt which that note represents is clearly dischargeable.

In *In re Brown*, 4 B.R. 745 (Bkrtcy.E.D. Va.1980), the Bankruptcy Court for the Norfolk Division of this District held that where a debtor executes an installment note consolidating the student loans after those loans first became due, the court must consider the date the first notes became due and not the date the note representing the consolidation of those loans became due. *Brown* at 746. "When the subsequent obli-

gation became due is irrelevant in the instant proceeding; were it otherwise the student loan in issue (and all similar student loans) would never be discharged." *Id.* Likewise, in the instant case the educational loans first became due before the Debtor filed his petition in bankruptcy. The latter note was not executed on account of an extension of an educational loan.

Simply put, the 1978 note was either in exchange for an entirely new loan, consideration for which consisted of the Authority's agreement to forebear suing on its two judgments, or a consolidation of the debtor's earlier notes. In either case, the debt is dischargeable.

An appropriate order will issue.