In re Larry Eugene ZOBEL and Deidra Ann Zobel, Debtors.

Larry Eugene ZOBEL and Deidra Ann Zobel, Plaintiffs,

v.

IOWA COLLEGE AID COMMISSION, Defendant.

Bankruptcy No. 85–00188W.
Adv. No. 85–0125W.

United States Bankruptcy Court,
N.D. Iowa.

Feb. 13, 1986.

---

1. Section 507(a)(7) was designated as 507(a)(6) prior to the Bankruptcy Amendments and Federal Judgeship Act of 1984.

Robert C. Andres, Waterloo, Iowa, for defendant.

Scott M. Galenbeck, Asst. Atty. Gen., Des Moines, Iowa, for plaintiffs.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER Granting § 523(a)(8) Complaint

THOMAS WOOD, Bankruptcy Judge, Sitting by Designation.

The matter before the Court is the complaint of Larry E. Zobel and Deidra Ann Zobel to determine dischargeability of Deidra's [1] guaranteed student loan debt pursuant to 11 U.S.C. § 523(a)(8)(B). The Court, having considered the evidence adduced at trial, and the briefs of the parties, now makes the following Findings of Fact, Conclusions of Law and Order pursuant to F.R.B.P. 7052.

### FINDINGS OF FACT

1. In October, 1982, Plaintiff obtained a student loan to pursue training as a hair stylist. The note for the loan was co-signed by her husband, Larry. Payment of the loan was guaranteed by Defendant, a governmental unit. The principal amount now owed to Defendant is $2,450.00.

2. Plaintiff and her husband support two minor children.

3. Larry E. Zobel was laid off from his job in 1983 and no longer receives unemployment benefits. He has been unsuccessful in seeking regular employment. He is currently a full time student.

4. Plaintiff has worked sporadically since completing her training as a hairdresser. She has been unemployed for over one year and has been unsuccessful in her recent attempts to find work.

5. Plaintiff and her husband receive less than $700 each month from welfare programs, including AFDC and food stamps.

6. The family expenses exceed the monthly income and their overall financial situation is not likely to improve in the foreseeable future.

7. Mr. and Mrs. Zobel filed for relief under Chapter 7 on January 29, 1985. Their scheduled debts totalled approximately $25,000. They were discharged July 9, 1985.

### DISCUSSION

#### I

■ As a preliminary matter, the Court must determine whether Larry suffers the burden of nondischargeability of a student loan debt to which he was co-maker.

Plaintiff cites two cases which support the conclusion that 11 U.S.C. § 523(a)(8) was intended to apply only to the student debtor and not to non-student co-makers of the debt. In the case *In re Boylen*, 29 B.R. 924 (Bkrtcy.N.D.Ohio 1983), the court stated at 926,

> Throughout the legislative history, the reference is always to the student ... At no point does the legislative history refer to this debt being nondischargeable as against co-makers or co-debtors liable on

---

**1.** This adversary complaint has been jointly filed by Larry and Deidra Zobel. However, as will be seen below, § 523(a)(8)(B) does not apply to Larry as a co-maker. Unless stated otherwise, reference to Plaintiff will be to Deidra only.

the debt. Instead, the legislative history makes reference to the fact that co-makers are generally not required on these debts. H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 133 (1977), U.S.Code Cong. & Admin.News 1978, p. 5963, 6094.

The Court, in *In re Washington*, 41 B.R. 211, 214 (Bkrtcy.E.D.Va.1984) agreed with the *Boylen* decision, stating:

> [C]ongress had no intention to except a co-maker's liability on student loan debt from discharge. Such an exception would be utterly contrary to the fresh start pervasive throughout this Bankruptcy Code ...

This Court agrees with these conclusions and determines § 523(a)(8) does not apply to Larry E. Zobel.

## II

■ Normally, student loans guaranteed by a governmental unit are not dischargeable through bankruptcy. 11 U.S.C. § 523(a)(8). However, on proper proof a student loan debt may be found dischargeable because it imposes undue hardship on debtor and the debtor's dependents. § 523(a)(8)(B).

In previous decisions, this Court recognized each undue hardship case ultimately rested on its own facts and the totality of the circumstances. *In re Dunham*, Adversary No. 80–0103, slip op. p. 14 (Bkrtcy.N.D.Iowa August 12, 1983); *In re Clay*, 12 B.R. 251 (Bkrtcy.N.D.Iowa 1981). In considering the facts and circumstances of each case the Court is guided by the following instructive tests for determining undue hardship:

(i) the mechanical undue hardship test (focusing on the debtor's expenses and future financial resources);

(ii) the good faith test (factors include debtor's effort to obtain employment, minimize expenses and maximize resources); and

(iii) the underlying policy test (amount of student loan, percentage of indebtedness and benefit from education).

*In re Haugh*, Adversary No. 81–0577, slip op. p. 4 (Bkrtcy.N.D.Iowa, August 12, 1983).

The Debtor's anticipated future income must be sufficient to repay her school loan and provide a minimal standard of living for herself and her dependents. *Id.* at 5; *In re Clay* at 254. In spite of their efforts, neither Plaintiff nor her husband is currently employed and their sole source of income is public welfare totalling less than $700 per month. The likelihood of Plaintiff or her husband obtaining steady income from employment is not good. Larry was laid off from John Deere in 1983 and it is unlikely that he will be rehired in the near future. He is now attending class on a full time basis, and is receiving training which will equip him for a new career but that education is not yet complete. Plaintiff, although trained as a hair stylist, has not had regular employment since she completed her training. She has made an effort to obtain work but to no avail. The Court notes that in the case of *In re Baker*, 10 B.R. 870 (Bkrtcy.E.D.Tenn.1981), a student loan debt was found dischargeable because the debtor's expenses exceeded her income. That situation is present here.

The second test is one of good faith. The question is, has Plaintiff exhibited a lack of good faith in failing to pay her student loan? The Court determines Plaintiff's failure to pay this debt is not due to a lack of good faith. Plaintiff developed a skill through her use of the school loan. She has used that skill in her work, but her employment has been, at best, sporadic and irregular. Her family's expenses [2] are minimal and certainly reasonable. There is no evidence the Zobel family enjoys any luxuries; the basic necessities of life are all they can afford. In a case previously before this Court, certain facts were found which indicated a lack of good faith. Among them were: debtor's failure to renegotiate the student loan; defendant's failure to correspond with the lender; and,

---

**2.** As presented in the Schedule of Current Income and Current Expenditures filed in Bankruptcy No. 85–00188W.

the coincidental filing for bankruptcy relief the same month defendant's first loan payment was due. *Dunham, supra.* Another factor indicating a lack of good faith is the debtor's filing for bankruptcy relief with the (obviously) exclusive purpose of discharging his student loan debt. *Haugh* at p. 6 comments on this Court's disapproval of debtors who are not financially distressed but who are seeking to avoid their obligations. However, neither these nor any similarly egregious facts exist in the case at bar, therefore the Court determines Plaintiff did not lack good faith in not paying her school loan.

The Court now considers the underlying policy test. The Zobel's total scheduled debt amounted to approximately $25,000. The principal amount owed to Defendant is $2450 or less than 10 percent of the Zobel's scheduled debt. Thus, Plaintiff is not the type of debtor this Court commented on in *Haugh.* Further, although Plaintiff has developed a skill through her training as a hair stylist, it is not clear she has benefitted from this training. As discussed above, Plaintiff has not had a steady job since completing her training nor is her overall situation likely to change in the foreseeable future.

Although student loan debts are presumptively nondischargeable, it is the policy of this Court to provide, "the honest, but unfortunate debtor ... an opportunity in life ... unhampered by the pressure and discouragement of pre-existing debt." *Haugh* at p. 7; *citing, Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

Finally, as the Code provides, a student loan debt should be discharged when failure to do so would impose an undue hardship on the debtor and her dependents. Here the hardship is clear and the Court decides this school loan debt is dischargeable.

### CONCLUSIONS OF LAW

1. 11 U.S.C. § 523(a)(8) does not apply to Larry E. Zobel.

2. Deidra Ann Zobel's school loan debt, guaranteed by Defendant, is dischargeable under 11 U.S.C. § 523(a)(8)(B).

### ORDER

IT IS THEREFORE ORDERED that Plaintiff's unpaid school loan debt is discharged pursuant to 11 U.S.C. § 523(a)(8)(B).