In re Carol S. **MEIER**, Debtor.

Carol **BARTSCH** (formerly Meier), Plaintiff,

v.

**WISCONSIN HIGHER EDUCATION CORPORATION, Defendant.**

Bankruptcy No. EF7–83–01333.
Adv. No. 85–0312–7.

United States Bankruptcy Court,
W.D. Wisconsin,
Eau Claire.

July 1, 1986.

Herman Friess, Rice Lake, Wis., for plaintiff/debtor.

William H. Olson, Madison, Wis., for defendant.

### MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

WILLIAM H. FRAWLEY,
Bankruptcy Judge.

The debtor, Carol Bartsch (formerly known as Carol Meier), initiated this adversary proceeding pursuant to 11 U.S.C. § 523(a)(8) and Bankruptcy Rule 4007 seeking a determination as to the dischargeability of her contractual obligation to the Wisconsin Higher Education Corporation (WHEC). The debtor appears by Herman Friess and WHEC appears by William Olson. A trial was held in this proceeding on June 12, 1986.

On August 9, 1982, a promissory note for a loan under the Wisconsin Guaranteed Student Loan Program was executed in the amount of $2,500.00, wherein William Meier, the debtor's ex-husband, signed the note as "maker" and the debtor signed the note as "endorser." The debtor subsequently obtained a divorce due to the discovery that her ex-husband was a child abuser. The debtor's ex-husband has defaulted on his contractual obligation to make payments pursuant to the above mentioned promissory note. WHEC is the holder of the promissory note and seeks to recover the debt from the debtor. The debtor received a bankruptcy discharge on January 9, 1984, under Chapter 7 of the Bankruptcy Code. The evidence produced at the trial conclusively revealed that the debtor has not received any benefits from the proceeds of the loan.

The issue presented for determination is whether the contractual obligation of the

"endorser" of a promissory note for an educational loan guaranteed by a governmental unit is excepted from discharge in bankruptcy proceedings pursuant to 11 U.S.C. § 523(a)(8). Generally, a "bankruptcy discharge" discharges a debtor from all pre-petition debts unless a debt is specifically excepted from discharge under § 523 of the Bankruptcy Code. 11 U.S.C. § 727(b). WHEC would take the position that the debtor's obligation arises from a "debt for an educational loan." and is excepted from discharge under § 523 of the Bankruptcy Code.

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

11 U.S.C. § 523(a)(8).

The debtor, as endorser of the promissory note, is an accommodation party to the obligation. Wis.Stat. § 403.415. The debtor's ex-husband, as maker, is the "principal debtor" and is primarily liable on the promissory note. The debtor is a surety of the promissory note and, therefore, has secondary liability. *See* Wis.Stat. § 401.201(40). *See also Official Comment to U.C.C.* § 3–415.

WHEC implicitly argues that the language of § 523 is sufficiently broad to except the obligation of an accommodation party from discharge. WHEC bears the burden of proving that the debt is not dischargeable. *In re Boyd–Leopard,* 40 B.R. 651, 654 (Bankr.D.S.C.1984). "[E]xceptions to the dischargeability of a

debt are construed strictly against the creditor's objections and liberally in favor of a bankrupt." *In re Green,* 5 B.R. 247, 249 (Bankr.N.D.Ga.1980).

In determining whether a particular debt falls within one of the exceptions of section 523, the statute should be strictly construed against the objecting creditor and liberally in favor of the debtor. Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system. King, *Colliers on Bankruptcy* § 523.05A (15th ed. 1979). "It must be determined that a debt is squarely within the statutory exception before it can be deemed nondischargeable." *In re Antikainen,* 48 B.R. 630, 632 (Bankr.D.Minn.1985).

The obligation of an accomodation party to a contract is substantially different than the obligation of the principal obligor. They are two distinct obligations. It is well settled that the discharge of the principal debtor does not discharge the obligation of the accomodation party. Similarly the obligation party may be discharged without discharging the principal debtor.

Using the aforementioned principles of statutory interpretation, it is clear that the obligation of an accomodation party to a debtor for a guaranteed student loan should not fall within the exception of § 523(a)(8) of the Bankruptcy Code. The actual "debt for an educational loan" is that of the principal obligor. The principal obligation was the debt intended to be excepted from discharge under § 523. The secondary liability of the accomodation party who received no benefits from the loan proceeds was not expressly excepted from discharge. Therefore, the obligation of the debtor in the case at hand was discharged under the general provisions of § 727.

This interpretation is also consistent with the expressed congressional intent behind § 523. The educational loan exception to discharge was enacted to prevent abuses of the Bankruptcy Code. Students were filing for bankruptcy shortly after leaving school and before they had reaped the benefits of the high paying jobs their student loans enabled them to obtain. H.R.Rep.

No. 595, 95th Cong., 1st Sess. 133 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Certainly, if the § 523(a)(8) exception was designed to prevent such abuses, then it was not intended to apply to an accomodation party who has received no benefit from the proceeds of the loan.

The debtor received a discharge in her bankruptcy case on January 9, 1984. It is the conclusion of the court that the obligation of the debtor, Carol Bartsch, to WHEC was discharged in her bankruptcy case. The debt does not fall within the exception of § 523 of the Bankruptcy Code and, hence, was discharged under the general provisions of § 727.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.