**In re Charles E. BEHR, Debtor.**

**NORTHWESTERN UNIVERSITY STUDENT LOAN OFFICE, Plaintiff,**

v.

**Charles E. BEHR, Defendant.**

**Bankruptcy No. 86–01522F.
Adv. No. 87–0013F.**

United States Bankruptcy Court,
N.D. Iowa.

Sept. 18, 1987.

M. Gene Blackburn, Fort Dodge, Iowa, for plaintiff.

Steven W. Hendricks, Fort Dodge, Iowa, for defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**
Granting Debtor's Motion For Summary Judgment

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court is Debtor's motion for summary judgment on the complaint of Northwestern University Student Loan Office (Northwestern). Northwestern is seeking a determination of the dischargeability of Debtor's liability as co-maker on a note for an educational loan. Having considered the pleadings and briefs submitted by the parties, the Court makes the following Findings of Fact, Conclusions

of Law and Order pursuant to Fed.R. Bankr.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**FINDINGS OF FACT**

The following facts are undisputed:

1. Charles E. Behr (Debtor) and his wife, Susan Behr, are co-makers on a note for an educational loan to their son, Patrick Behr. The Behrs entered into a student loan agreement with Northwestern on December 26, 1985. Under the agreement, Northwestern loaned the Behrs $7,680.00 and credited that amount to Patrick's student account in three equal installments. Repayment of principal began on February 1, 1986. The Behrs made monthly payments until June, 1986, and are currently in default on the loan.

2. Debtor filed a Chapter 7 petition on June 26, 1986.

3. Debtor filed an amendment to his Schedule A–3 on October 1, 1986, adding the Northwestern University Parent-Student Loan debt in the amount of $7,419.35.

4. Northwestern filed a petition for declaratory judgment on January 15, 1987, seeking a determination that Debtor's liability as a co-maker on the note for the educational loan to Patrick Behr is nondischargeable under 11 U.S.C. § 523(a)(8).

5. Debtor filed a motion for summary judgment on April 22, 1987.

**DISCUSSION**

In reviewing a motion for summary judgment, the Court is required to view the facts and inferences which may be derived from the pleadings in a light most favorable to the nonmoving party. The burden is squarely on the movant to establish that there is no genuine issue of material fact and that there is entitlement to judgment as a matter of law. *Fields v. Gander,* 734 F.2d 1313, 1314 (8th Cir.1984); *Snyder v. United States,* 717 F.2d 1193, 1195 (8th Cir.1983).

The question presented is whether the Debtor's liability as a non-student co-maker on a note for an educational loan is

nondischargeable under 11 U.S.C. § 523(a)(8). That section provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution. . . .

It is undisputed that the student loan involved in this case qualifies as an educational loan within the meaning of § 523(a)(8). The sole issue for determination is whether § 523(a)(8) applies to non-student co-makers on notes for such loans.

Northwestern claims that the statute draws no distinction between student debtors and non-student co-makers on liability for educational loans. It contends that Debtor must demonstrate Congressional intent to exclude parental co-makers or co-signors when it enacted § 523(a)(8). Debtor relies upon *In re Boylen*, 29 B.R. 924 (Bankr.N.D.Ohio 1983) for the proposition that Congress did not intend § 523(a)(8) to apply to non-student borrowers, and thus contends that his liability as co-maker on a note for a student loan to his son is a dischargeable debt under 11 U.S.C. § 727.

*Boylen* is the leading case analyzing the scope of § 523(a)(8). The case involved a married couple who filed a joint petition in bankruptcy. The husband was a non-student co-maker on a note for a student loan to his wife. The husband argued that his liability on the note was not excepted from discharge under § 523(a)(8). After reviewing the extensive legislative history of § 523(a)(8), the Court concluded that the intent of Congress and the purposes of the statute would be frustrated if the debt of a non-student co-maker was found to be nondischargeable. 29 B.R. at 926. The Court observed that Congress enacted § 523(a)(8) in response to perceived abuses of the bankruptcy laws "... by debtors with large amounts of educational loans, few other debts, and well-paying jobs, who have filed bankruptcy shortly after leaving school and before any loans became due

...." *Id.*, citing H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 133 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6094. The legislative history suggests Congress was motivated by the idea that students who receive the benefit of educational loans should not be able to use the bankruptcy laws to avoid the responsibility of repayment. The *Boylen* court, in concluding that § 523(a)(8) does not apply to non-student debtors, stated: "Congress had no intention to except a co-maker's liability on a student loan debt from discharge. Such an exception would be utterly contrary to the fresh start pervasive throughout this Bankruptcy Code ... and the purposes for which this exception was enacted." *Id.* at 927.

The *Boylen* rationale and holding were adopted in *In re Washington*, 41 B.R. 211 (Bankr.E.D.Va.1984), which involved a couple in bankruptcy who were co-makers on seven promissory notes representing student loans to their daughter. The *Washington* court began its analysis of the nondischargeability issue by noting that the parents did not directly benefit from the educational loans made to their daughter. *Id.* at 214. After reviewing the legislative history of § 523(a)(8) in light of the *Boylen* analysis, the court concluded that: "The legislative history of § 523(a)(8) and the policy of the Bankruptcy Code requires a finding that such a loan is only an 'educational loan' as to that party that received the benefits of the loan. Clearly then it is only the student-borrower who is covered by § 523(a)(8)." *Id.* The court held that debtors' liability on the seven notes for student loans made to their daughter was a dischargeable debt "because the exception to discharge for student loans does not apply to co-makers who are not student borrowers." *Id.*

This Court adopted the reasoning and conclusions of *Boylen* and *Washington* in *In re Zobel*, 80 B.R. 950 (Bankr.N.D. Iowa 1986). *See also In re Bawden*, 55 B.R. 459, 461 (Bankr.M.D.Ala.N.D.1985). Two cases reaching a contrary conclusion distinguish *Boylen* and *Washington* on their facts. *See In re Feenstra*, 51 B.R.

107, 110 at n. 4 (Bankr.W.D.N.Y.1985) (§ 523(a)(8) applies to student's father who alone signed the note for a student loan to his son); *In re Reid,* 39 B.R. 24, 26 (Bankr. E.D.Tenn.1984) (§ 523(a)(8) applies to student's mother who was the maker of the loan to her daughter).

■ Northwestern criticizes the *Boylen* analysis of § 523(a)(8) by arguing that the court erred in relying on legislative history to determine if Congress intended the provision to apply to non-student borrowers. According to Northwestern, the adjoining subsections of the statute give a better indication of legislative intent with regard to the nondischargeability of student loans. In support of this contention Northwestern cites § 523(a)(5), which provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement ...

Northwestern contends that: (1) parents have a generally recognized obligation to contribute to a child's post-secondary education, and (2) Debtor and his wife directly benefited from the educational loan which allowed them to satisfy the obligation they owe to their son. Northwestern urges, thus, that Congress intended § 523(a)(8) to apply to parental co-makers who have received the benefits of a student loan program. The Court recognizes that many parents feel an obligation to contribute to the post-secondary educational expenses of their adult children. The Court is not persuaded, however, that such "obligation" is fairly analogous to the type of nondischargeable debt described in § 523(a)(5).

Under Iowa law, divorced parents *may* be required to contribute to the educational expenses of adult children between the ages of eighteen and twenty-two. Iowa Code §§ 598.1(2), 599.1 (1987). No corre-

sponding statutory obligation is imposed on married parents of adult students. *In re Marriage of Byall,* 353 N.W.2d 103, 107 (Iowa App.1984). Moreover, there is no statutory requirement that married parents support their adult children "except when the child suffers from some disability of mind or body and is 'unable to care for itself upon attaining majority.'" *In re Marriage of Vrban,* 293 N.W.2d 198, 201 (Iowa 1980), citing *Davis v. Davis,* 246 Iowa 262, 266, 67 N.W.2d 566, 568 (Iowa 1954). The Court finds nothing to indicate that Debtor and his wife have a statutory or common law obligation to contribute to their son's post-secondary education. In the absence of evidence on this point, the Court concludes that Northwestern has erred in placing reliance on § 523(a)(5) to support its contention that Debtor's liability as a non-student co-maker is a nondischargeable debt. Finally, the Court is not persuaded that § 523(a)(5) gives a better indication of legislative intent with regard to non-student borrowers. The legislative history of § 523(a)(8) speaks directly to that issue and represents the best source of evidence regarding the anticipated scope of that nondischargeability provision. The Court concludes that Debtor's liability as a non-student co-maker on the note for an educational loan made to his son is outside the scope of § 523(a)(8) and therefore is dischargeable under 11 U.S.C. § 727.

### ORDER

The Debtor's motion for summary judgment on the complaint of Northwestern University Student Loan Office is granted.