| Vehicle Identification | | Type of Vehicle | Date Vehicle Financed by World Omni | Amount Financed by World Omni | Date Carolina Isuzu Sold Vehicle | Fair Market Value on the Date Vehicle was Sold |
|---|---|---|---|---|---|---|
| Model | Year | | | | | |
| 25. Ford | 1988 | Used | 03/17/89 | 2,700.00 | 05/08/89 | 2,700.00 *** |
| 26. Pontiac | 1986 | Used | 04/24/89 | 4,620.00 | 05/11/89 | 5,925.00 ** |
| 27. Pontiac | 1987 | Used | 02/6/89 | 6,440.00 | 05/02/89 | 7,625.00 ** |
| 28. Ford | 1988 | Used | 03/23/89 | 8,140.00 | 05/11/89 | 8,140.00 *** |
| TOTAL | | | | 288,978.20 | | 295,173.40 |

\* Cost of the vehicle to Carolina Isuzu.
\*\* Average trade-in value listed in NADA Guide for May 1989.
\*\*\* Amount financed by plaintiff.

In re: **Rogelio J. MENENDEZ a/k/a Roger J. Menendez and Michelle M. Menendez, Debtors.**

**Bankruptcy No. 92–2246–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 17, 1993.

Jeffrey C. Quinn, Naples, FL, Jeffrey A. Aman, Tampa, FL, for debtor.

Douglas N. Menchise, trustee.

## ORDER ON MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case in which Rogelio J. Menendez (Debtor) has already received his discharge. The matter under consideration is a Motion filed by counsel on behalf of the Debtor who seeks an Order from this Court to find the Great Lakes Higher Education Corporation, as assignee of Student Loan Marketing Association (SallieMae) in civil contempt for alleged violation of the permanent injunction granted by the general bankruptcy discharge of the Debtor.

The crux of this controversy centers around the question of whether or not a certain student loan obligation of this Debt-

or is or is not within the overall protective provisions of the general bankruptcy discharge. The facts which are not in dispute and, although somewhat scant, but for the purpose of resolving the matter are sufficient, are as follows:

The Debtor obtained three separate student loans more than seven years prior to February 20, 1992, the date the Debtor filed his voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. It is without dispute that these loans were current until November 18, 1991 when the Debtor took advantage of the recent amendment to the Higher Education Act which permitted students to consolidate multiple student loans. The amendment in question is set forth in 20 U.S.C. § 1078–3 which provides in part that loans made under this Section which are insured by the Secretary of Education shall be considered to be new loans made to students for the purpose of § 1074(a) of Title 20. Under the terms of the new note executed by the Debtors, pursuant to the consolidation of his previous loan, he was required to start making payments within 60 days from the date of execution of the new note. The note executed on November 18, 1991 in the principal amount of $12,403.26 was well within the seven-year moratorium, in light of the fact that the Debtor filed his Petition on February 20, 1992, or six months after the date on which the Debtor executed the new note.

The dischargeability, *vel non*, of the student loan under consideration depends on a determination as to the correct method to compute the moratorium granted to the student loans. That is, whether or not the seven years is counted from the date of the original loans or from the date when the consolidation loan was executed.

It is the contention of the Debtor that the fact that the original loans became due and owing more than seven years prior to the commencement of this Chapter 7 case, the debt is not excepted from discharge by virtue of § 523(a)(8) of the Bankruptcy Code and the fact that the loans were consolidated is of no consequence. In opposition, counsel for SallieMae points out that under controlling law the execution of the new note created a brand new obligation under which it became due and owing within six months of the date of execution and well within the seven years' moratorium provided for under § 523(a)(8); thus, it represents a nondischargeable obligation. The authorities cited by counsel for the Debtor and SallieMae in support of their respective positions are admittedly in conflict. In support of his position, counsel for the Debtor cites *In re McKinney*, 120 B.R. 416 (Bankr. N.D.Ohio 1990). This case appears to have dealt with the very same question and is directly and squarely on point. The Bankruptcy Court in *McKinney* concluded that the consolidation of student loans pursuant to U.S.C. § 1078–3 does not change the due date of the loan for the purpose of determining the dischargeability, *vel non*, of a student loan. The difficulty with counsel's reliance on this case is that on appeal the decision was reversed by the District Court which held that the consolidated obligation was nondischargeable contrary to the conclusion reached by the Bankruptcy Code.

Counsel for the Debtor also cited in support of his position the cases of *In re Washington*, 41 B.R. 211 (Bankr.E.D.Virginia 1984) and the case of *In re Ziglar*, 19 B.R. 298 (Bankr.E.D.Virginia 1982). In light of the fact that these cases were decided prior to the 1986 Amendment, they are not relevant to the issue under consideration and they are not persuasive. In the case of *Washington*, counsel for the debtor concluded that the execution of the new loan did not extend the start-up date of the seven-year period. In this instance, the Court ruled that the consolidation of the loan did not trigger a new period of moratorium. The sole reasoning in *Washington* was that it represented law in the Eastern District of Virginia. *Ziglar* was also a case of the Eastern District of Virginia. In *Ziglar*, the Court found that the loan was not even an education loan and for this reason the reliance of the Court on *Ziglar* was obviously misplaced.

In opposition, counsel for SallieMae cited *In re Saburah*, 136 B.R. 246 (Bankr.C.D.Calif.1992). In *Saburah*, the Court held that the statutory seven-year

period after the debtor's obligation on a student loan became dischargeable in bankruptcy began to run on the due date of the consolidated loan and not on the date when the original loan became due and payable. In interpreting the statutory language, the Court considered that the Court should follow the rule of plain language and interpret the language of the Statute as it reads unless it is unclear and ambiguous. *In re United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The Section dealing with dischargeability of student loans provides:

Section 523. Exceptions to discharge

(a) A discharge ... does not discharge an individual debtor from any debt—

.       .       .       .       .

unless

.       .       .       .       .

(A) such loan ... became due more than 7 years ... before the date of the filing of the petition;

.       .       .       .       .

The plain reading of the part of the statute leaves no doubt that the words used "such loan" must refer to the loan which is sought to be discharged, which in the present instance is represented by the consolidation note executed by the Debtors on November 18, 1990 and not by the original notes executed by the Debtor when they obtained their original student loans. Based on the foregoing, this Court is satisfied that the obligation represented by the promissory note owed by this Debtor to SallieMae is nondischargeable because the moratorium granted to the Debtor was restarted from the date he executed the consolidation note and not from the due date of the original student loans obtained by him which were admittedly more than seven years prior to the commencement of this Chapter 7 case. For this reason, SallieMae is free to undertake whatever legal steps are available to collect this obligation. Based on the foregoing, it is clear that SallieMae is not in contempt for violation of the permanent injunction granted to the Debtor when he obtained his discharge and

therefore, the Motion to find SallieMae in Contempt is not well taken and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Find the Great Lakes Higher Education Corporation, as assignee of Student Loan Marketing Association in Contempt is hereby denied.

DONE AND ORDERED.