### In re Thomas Elmo GARELLI and Brenda Ann Garelli, Debtors.

### The EDUCATION RESOURCES INSTITUTE, INC., Plaintiff,

v.

### Thomas Elmo GARELLI and Brenda Ann Garelli, Defendants.

Bankruptcy No. 691–63300–R7.

Adv. No. 92–6188–R.

United States Bankruptcy Court, D. Oregon.

Jan. 12, 1994.

Carolyn G. Wade, Eugene, OR, for plaintiff.

William J. Claussen, Salem, OR, for defendants.

### MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This adversary proceeding is an action to

establish, under Section 523(a)(8) [1], the non-dischargeability of a debt owed by the defendants to the plaintiff on account of a student loan.

This matter comes before the court upon the parties' cross motions for summary judgment. After reviewing the parties' respective motions, including memoranda and other documents submitted in support of and in opposition to the parties' motions, and the oral argument of counsel, it appears that the material facts are not in dispute.

## FACTS

Plaintiff, the Education Resources Institute, Inc., (TERI) is a private, non-profit, corporation created under Massachusetts law to administer the TERI Supplemental Loan Program, (the TERI SLP) which provides financial aid to enrolled students in programs of higher education.

The defendants are the debtors herein. They are also the parents of Laura Garelli.

Pursuant to the TERI SLP, the defendants and Laura Garelli entered into a loan agreement and note with Shawmut Bank and Nellie Mae, Inc. (New England Loan Marketing Program) on August 21, 1990, under which Shawmut Bank agreed to loan the sum of $10,000 to finance the education of Laura Garelli.

Pursuant to a guarantee agreement between TERI, Shawmut Bank and Nellie Mae, Inc., TERI guaranteed payment of principal and interest on all loans acquired by Nellie Mae, Inc. under the TERI SLP (including the Garelli loan), in the event of the default or the filing of a petition in bankruptcy by the borrowers.

On the promissory note the defendants are listed as "applicant/co-borrowers" and Laura Garelli is listed as "student". The Note provides that its signatories are "jointly and severally" liable on the obligation.

1. All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. unless otherwise noted.

2. The exceptions to the general provision that student loans are nondischargeable are that:
(A) such loan, benefit, scholarship, or stipend overpayment first became due before seven

The defendants defaulted on the loan payment due on June 27, 1991 and have not made any other payments. The defendants admit that the loan first became due less than five years before they filed their joint Chapter 7 petition, herein, on July 24, 1991.

Plaintiff maintains that under § 523(a)(8), this debt is nondischargeable.

The defendants contend that § 523(a)(8) does not apply to them because they were not the beneficiaries of the loan. They have not asserted either of the statutory exceptions to nondischargeability found in §§ 523(a)(8)(A) or (B).[2]

## ISSUE

The question before this court is whether a debt, incurred as an educational loan, is dischargeable if the borrowers were not the student and did not use the loan for their direct educational benefit.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056, provides that summary judgment shall be rendered if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Where the parties agree on all of the material facts relevant to the issue raised by the motion for summary judgment, the case can be resolved as a matter of law and summary judgment is the proper procedural device. *Ferguson v. Flying Tiger Line, Inc.,* 688 F.2d 1320 (9th Cir.1982); *Smith v. Califano,* 597 F.2d 152 (9th Cir.1979).

Section 523(a)(8) provides in pertinent part as follows:

> years (exclusive of any applicable suspension of the repayment period) *before the date of the filing of the petition;* or
> (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents ...

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend ...

Defendants argue that the debt should be determined to be dischargeable as to them since the loan was for the education of their daughter and hence, this loan is not an educational loan for them. They contend that the legislative history of § 523(a)(8) makes it clear that Congress was concerned about preventing abuses in the student loan system whereby students would claim the benefits of student loan programs, having no assets to pledge at the time. Later, upon graduation they would seek to discharge the indebtedness through bankruptcy before acquiring non-exempt assets. Since the defendants are not the "students" in this case, they cannot abuse the student loan program in the sense that Congress intended to prevent. Further, they argue that applying § 523(a)(8) to them inhibits the fresh start to which they·should be entitled under the Bankruptcy Code.

The plaintiff maintains that the plain language of § 523(a)(8) shows that its provisions are applicable to all borrowers, not simply "students". It is the nature of the loan as an educational loan that determines the application of the statute. Further, even if the legislative history of § 523(a)(8) is considered, Congress was also concerned about preserving the integrity of the funds available for student loans. In other words, to insure that student loans are repaid so that funds would be available to continue these programs and to help future students.

Some courts have adopted the position taken by the defendants in this case. See In re Boylen, 29 B.R. 924 (Bankr.N.D.Ohio 1983); In re Washington, 41 B.R. 211 (Bankr. E.D.Va.1984); In re Bawden, 55 B.R. 459 (Bankr.M.D.Ala.1985); In re Zobel, 80 B.R. 950 (Bankr.N.D.Iowa 1986); and In re Behr, 80 B.R. 124 (Bankr.N.D.Iowa 1987).

█ The greater weight of authority, however, appears to take the plaintiff's position. Although no cases have yet been decided on this issue by the Ninth Circuit, the Third Circuit has considered this issue. In In re Pelkowski, 990 F.2d 737 (3rd Cir.1993), the Chapter 7 debtor sought to discharge her liability as a "co-maker" on educational loans entered into for the benefit of the debtor's two children. The bankruptcy court entered a judgment in favor of the debtor. In affirming the district court's reversal of the bankruptcy court, the Third Circuit reasoned that both the text of § 523(a)(8) and its legislative history support a conclusion of nondischargeability. Judge Hess of this district has previously held an educational loan nondischargeable pursuant to § 1328(a)(2) under similar circumstances. In re Koeppen, Case No. 391–32208–H–13 (Bankr.D.Or. October 10, 1991) (Hess, J., unpublished opinion).

In Koeppen, the Oregon State Scholarship Commission had objected to the debtor/wife/co-maker's Chapter 13 plan which sought to discharge a student loan obligation after only partial payment through her plan. The debtor/wife argued that the debt was dischargeable because only her non-debtor husband had benefitted from the loan. Judge Hess concluded:

Under the statute, the general rule is that educational loans are not dischargeable. Two exceptions are provided. One, if the loan first became due more than seven years before the bankruptcy petition was filed and two, if enforcement would result in undue hardship. That the debtor was not the recipient of the funds or was not the student are not stated as exceptions. This is strong evidence that Congress was not concerned with the nature of the debtor but, rather, was concerned with the nature of the debt. In other words, Congress determined that certain exceptions to the non-dischargeability of educational loans were appropriate but chose not to include the one suggested by the debtor. (slip op. p. 4)

In In re Hammarstrom, 95 B.R. 160 (Bankr.N.D.Cal.1989), the court, after con-

cluding that § 523(a)(8) is clear on its face, discussed some of the legislative history it felt to be important. Although conceding that one of the legislative purposes for the exception to discharge contained in § 523(a)(8) is to prevent abuses by students who have received loans, the court also noted the remarks of Representative Ertel and other sponsors as follows:

The purpose of this particular amendment is to keep our student loan programs intact. As many Members know, the default rate in the student loan program has been escalating to tremendous proportions in the past year. In accordance with that, the number of students going into bankruptcy—or ex-students—has increased over the years 1965 through 1972, by 1,200 percent for the years 1972 through 1975. The Washington, D.C., student loan program has collapsed and suspended its program, because there is no more money.

What happens with these programs is that as people borrow the money, go to school and then repay it to the educational institution, when it becomes due approximately 1 year after completion of school. After repaying this loan, this money goes into a revolving fund which is then available for other students on down the line. When they default and do not pay, and eventually reach the bankruptcy stage, we are penalizing students who are coming along through the system.

\* \* \* \* \* \*

... Without this amendment, we are discriminating against future students, because there will be no funds available for them to get an education.

124 Cong.Rec. 1791 (1978) (remarks of Rep. Ertel). 95 B.R. at 163–164.

The court concluded that the goal of preserving funds requires that § 523(a)(8) be applied to educational loans signed by parents and other co-makers as: "A loan program is affected just as much when a parent discharges a loan as when a student discharges a loan." 95 B.R. at 164.

In accord, see, In re Taylor, 95 B.R. 550 (Bankr.E.D.Tenn.1989); In re Barth, 86 B.R.

146, 149 (Bankr.W.D.Wis.1988); In re Reid, 39 B.R. 24 (Bankr.E.D.Tenn.1984).

This court concurs with the result reached by Judge Hess and the other courts which have supported plaintiff's position. The proper focus is on the particular kind of debt involved rather than how the money was spent or the nature of the debtor.

## CONCLUSION

This court concludes that the defendants' motion for summary judgment should be denied and that the plaintiff's motion should be granted. Appropriate orders shall be entered.