In re William **SALTER** and
Judith Salter, Husband
and Wife, Debtor.

William **SALTER**, Plaintiff,

v.

The **EDUCATIONAL RESOURCES INSTITUTE, INC.,** Defendant.

Bankruptcy No. 96–4581–9P7.
Adv. No. 96–704.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 20, 1997.

Louis X. Amato, Naples, FL, for Plaintiff.

John D. Eaton, Miami, FL, for Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT BY DEFENDANT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by The Educational Resources Institute, Inc. (Defendant) in the above captioned adversary proceeding. The adversary proceeding was commenced by the Debtor William Salter's filing of a Complaint seeking a determination from this Court that a certain educational loan is not within the exception to discharge provided by 11 U.S.C. § 523(a)(8)(A). The Debtor also seeks to discharge the student loan on the basis of undue hardship, pursuant to § 523(a)(8)(B). In due course, the Defen-

dant filed its Answer to the Complaint, which in addition to certain admissions, denied the material allegations set forth in the Complaint.

In its Motion for Summary Judgment, the Defendant contends that, based on the undisputed facts relevant to the issue under consideration, it is entitled to a summary final judgment in its favor. The Debtor did not file a response to the Motion for Summary Judgment or an opposing affidavit, but merely relies on the stipulated facts. The following undisputed facts as set forth in the Stipulation of Facts filed by the parties are as follows:

The Defendant, a private nonprofit organization, is organized for the purpose of providing financial assistance to students to pay for their elementary, secondary, college and graduate studies. On or about August 23, 1988, the Debtor obtained a loan from BayBank Boston (BayBank) and executed a Promissory Note evidencing the loan in the principal amount of $14,945.00 (Note). The loan was guaranteed by the Defendant pursuant to the repayment terms set forth in the Note. The Debtor was required to make monthly payments commencing January 26, 1989, and the loan was to be paid back in full in three years.

The Debtor borrowed the funds for the benefit of his daughter from a previous marriage, who at that time was enrolled for one year at Proctor Academy in Andover, New Hampshire. The daughter was a minor at the time the Note was executed and is not an obligor on the Note.

The Debtor first defaulted on the Note on January 26, 1990, having failed to make a scheduled monthly payment. The Defendant was obligated to BayBank to honor its guarantee and was required to pay to BayBank the then outstanding principal and interest in the amount of $11,642.08.

On October 9, 1992, the Defendant commenced a civil action in the Circuit Court for the Twentieth Judicial Circuit in Collier County, Florida (Circuit Court), Case No. 92–3635–CA–01 for the purpose of collecting the debt owed to it by the Defendant. On February 2, 1993, the Circuit Court entered

a Final Order of Dismissal, with prejudice, approving the Stipulation of Settlement between the Debtor and the Defendant entered into on January 21, 1993, and reserving jurisdiction to enforce the Stipulation of Settlement.

While the Debtor paid nine of twelve monthly payments of $500.00 each pursuant to the Stipulation of Settlement, he has made no further payments since December 7, 1993. An outstanding balance in the amount of $13,147.22 is owed to the Defendant by the Debtor as of June 13, 1996.

On April 12, 1996, the Debtor filed his joint Petition for Relief with his wife. It is the Debtor's contention that the student loan first became due on January 26, 1989, thus becoming due more than 6 years (sic) prior to the commencement of this case and, therefore, it is within the exception provided for in § 523(a)(8)(A). The Debtor also seeks to discharge the student loan on the basis of undue hardship, pursuant to § 523(a)(8)(B) of the Bankruptcy Code. In support of this claim, the Debtor contends that he would suffer undue hardship that would prevent him from repaying his obligation to the Defendant.

In opposition to the relief sought, the Defendant contends that by virtue of the modification of the original loan, a new student loan was created in January 1993. Therefore, this loan did not first become due more than seven years prior. For this reason, this loan should be excepted from the discharge pursuant to § 523(a)(8)(A) of the Bankruptcy Code.

The Defendant further contends that the running of the seven years was suspended when the student loan obligation was modified. According to the Defendant, the period of time during which the Debtor did not make any payments until he reached a settlement with the Debtor should not be included in computing the seven years. On the other hand, the Debtor contends that the seven years must be computed from August 2, 1988, the date of execution of the original Promissory Note, and not from the date when he entered into a stipulation with the Defendant wherein he agreed to new repayment terms.

The dischargeability of student loans are dealt with by § 523(a)(8)(A) and (B). This Section exempts from the overall protective provisions of the general bankruptcy discharge loans:

**11 U.S.C. § 523**

(a) . . .

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

The hardship defense is set forth in Subclause (B) and provides:

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

As noted earlier, it is stipulated that the Debtor did not obtain the loan for himself, but for the educational assistance of his daughter from his first marriage, and that he is the only obligor on the note. Although it is not plead, counsel for the Debtor also raised the issues discussed below in detail, which are (1) whether the loan under consideration is really an educational loan; (2) whether the date of the Stipulation of Settlement which modified the repayment terms is the correct date for the purpose of computing the seven year period; and (3) whether the period when no payments were made operated as a suspension of the seven year period.

Considering the first question, whether the money borrowed by a Debtor who became liable for an educational loan, the proceeds of which were not used to assist the Debtor's education, but someone else, i.e., a child of the Debtor, is to be considered an "educational loan," thus subject to the student loan exception of the Code in § 523(a)(8)(A).

This issue usually arises in the situation when the Debtor guaranteed a student loan or was a co-maker of a promissory note and, just like in the present instance, did not obtain and did not use the proceeds personally at all.

The Courts which have considered this issue have been in hopeless disagreement. The cases that held that the exception to the discharge of student loans applies to co-signers, guarantors or non-students, even though they did not receive any educational benefits from the student loan are as follows: First Circuit—*In re Wilcon*, 143 B.R. 4 (D.Mass. 1992); Second Circuit—*In re Feenstra*, 51 B.R. 107 (Bankr.W.D.N.Y.1985); Third Circuit—*In re Pelkowski*, 990 F.2d 737 (3d Cir. 1993); Fifth Circuit—*Mackey v. Nebraska Student Loan Program, Inc.*, 153 B.R. 34 (Bankr.N.D.Tex.1993); Sixth Circuit—*Dull v. Ohio Student Loan Com.*, 144 B.R. 370 (Bankr.N.D.Ohio 1992), *In re Hawkins*, 139 B.R. 651 (Bankr.N.D.Ohio 1991), *Webb v. Student Loan Funding Corp.*, 151 B.R. 804 (Bankr.N.D.Ohio 1992), *In re Reid*, 39 B.R. 24 (Bankr.E.D.Tenn.1984), *In re Taylor*, 95 B.R. 550 (Bankr.E.D.Tenn.1989); Eighth Circuit—*In re Owens*, 161 B.R. 829 (Bankr. D.Neb.1993); Tenth Circuit—*In re Martin*, 119 B.R. 259 (Bankr.E.D.Okla.1990); Eleventh Circuit—*In re Selmonosky*, 93 B.R. 785 (Bankr.N.D.Ga.1988)

Decisions contrary to the foregoing are in the Fourth Circuit—*In re Washington*, 41 B.R. 211 (Bankr.E.D.Va.1984); Sixth Circuit—*Kirkish v. Meritor Sav. Bank*, 144 B.R. 367 (Bankr.W.D.Mich.1992); Seventh Circuit—*In re Meier*, 85 B.R. 805 (Bankr. W.D.Wis.1986); Eighth Circuit—*In re Zobel*, 80 B.R. 950 (Bankr.N.D.Iowa 1986), *In re Behr*, 80 B.R. 124 (Bankr.N.D.Iowa 1987); Eleventh Circuit—*In re Bawden*, 55 B.R. 459 (Bankr.M.D.Ala.1985). The majority of these cases involved co-makers, accommodation makers, or guarantors of student loans.

However, there are cases holding that the exception to discharge also applies if the debtor is the only obligor on the student loan. *In re Hammarstrom*, 95 B.R. 160 (Bankr.N.D.Cal.1989); *In re Hudak*, 113 B.R. 923 (Bankr.W.D.Pa.1990). Of course, there are also cases which arrived at a different conclusion, e.g., *In re Bawden, supra; Kirkish v. Meritor Sav. Bank., supra; In re Feenstra, supra.*

■ Having considered the foregoing authorities, this Court is satisfied that the proper focus should be on the kind of debt involved, rather than how the money was spent, or who was the borrower. *In re Garelli*, 162 B.R. 552 (Bankr.Or.1994). The exception to discharge provision as it relates to student loans applies even if the borrower is not a student but, as in the present instance, the parent. Accordingly, this Court is satisfied that the fact that the Debtor is the only obligor on the note is of no consequence and the loan was an educational loan within the purview of the exceptions set forth in § 523(a)(8) of the Code.

■ This conclusion, of course, leads to the next issue which is whether the seven years shall be computed from the date the original obligation became due, i.e., in 1988 or when the Debtor entered into the Stipulation of Settlement on January 21, 1993. In support of its position that this later date applies, the Defendant cites *Hiatt v. Indiana State Student Assistance Com'n.*, 36 F.3d 21 (7th Cir.1994); *In re Menendez*, 151 B.R. 972 (Bankr.M.D.Fla.1993). Both *Hiatt* and *Menendez* involved the execution of a new promissory note consolidation, three separate student loans in *Menendez*. In *Hiatt*, the Debtor had several educational loans which were consolidated into a new "consolidation loan" creating a new obligation, with the loan proceeds being used to repay in full the Debtor's original educational loans. In the present instance there was no new note executed by the Debtor, there were no new funds advanced and the stipulation merely rewrote the repayment terms of the original note.

Based on the foregoing, this Court is satisfied that none of the authorities cited by the Defendant supports the proposition that the Stipulation of Settlement created a new loan. The seven year period fixed by § 523(a)(8)(A), therefore, did not commence to run from the date of the Stipulation of Settlement, but rather when the loan first became due.

This leaves for consideration the last issue which is the proper method to compute the seven year period. According to the Defendant, when the Debtor defaulted there was a suspension of the seven year period and, therefore, the time between the default and the time of the Stipulation of Settlement should be excluded in computing the seven years. The loan under consideration should not be construed to be a "stale" student loan, thus, dischargeable in bankruptcy.

The Defendant also contends that there is case law, even though it cites none, that if the debtor does not make seven years worth of continuous payments on the student loan then the debtor is not entitled to have the loan discharged. This proposition, even if it represents the law correctly, is obviously not applicable since it is without dispute that this particular loan was to be repaid in 3 years.

It is evident from the foregoing that the Defendant cannot prevail on its Motion for Summary Judgment unless this Court accepts the proposition urged by the Defendant that the non-payment period should be excluded from computing the seven year period.

The statutory language dealing with suspension reads as follows:

§ 523(a)(8)(A)

(A) such loan . . . first became due before more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.

Courts considering the proper interpretation of the suspension provision, by and large, dealt with the factual scenario where the lender consented to a suspension granting a moratorium. In case of *In re Eckles*, 52 B.R. 433 (E.D.Wis.1985) the lender agreed to reduce the payments during a three month period. The Court held that by changing the repayment schedule, in fact it substituted a new payment period and was a "suspension" within the meaning of the Statute. In the case of *Menendez, supra*, the moratorium that was granted restarted the repayment period when the debtor executed the consolidation note. Neither research of counsel nor independent research located any authority to support the proposition that, absent a

moratorium granted by the lender, there was a suspension of the seven year period. The difficulty is that in the present instance, it is undisputed that the Stipulation of Settlement did modify the repayment terms of the original loan, albeit after the Debtor was substantially in default on the loan.

■ There is no question that while there was no renewal note or new note executed by the Debtor, the Debtor obtained a moratorium and the Defendant agreed to modification of the repayment terms. Thus, it would be patently unfair to now punish the Defendant for its willingness to forego its legal rights and enforce its claim against the Debtor.

Based on the foregoing, this Court is constrained to conclude that the Stipulation of Settlement, in fact, operated as a suspension within the meaning of the term used in 11 U.S.C. § 523(a)(8)(A). This suspended the running of the seven year time period and, in turn, excepted the obligation from the overall protection of the general bankruptcy discharge.

Having concluded that there are no genuine issues of material fact and that the Defendant is entitled to judgment as a matter of law, this Court is satisfied the Motion for Summary Judgment is well taken and should be granted.

A separate Final Judgment shall be entered in accordance with the foregoing.