**In re Anthony Coles BROWN, Debtor.**

**COMMONWEALTH OF VIRGINIA ex rel. STATE EDUCATION ASSIST-ANCE AUTHORITY, Plaintiff,**

v.

**Anthony Coles BROWN, Defendant.**

**Bankruptcy No. 80–02032.**

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

July 16, 1980.

Robert D. Perrow, Wallerstein, Goode & Dobbins, Richmond, Va., for plaintiff.

Christopher J. Collins, Parker, Dunahoo & Collins, Hampton, Va., for defendant.

HAL J. BONNEY, Jr., Bankruptcy Judge.

Anthony Coles Brown [debtor] filed a voluntary petition for bankruptcy on February 5, 1980. Among the debts scheduled was one to First and Merchants National Bank in the amount of $3200. The loans underlying this obligation were incurred by the debtor in pursuit of a college education and are guaranteed by the State Education Assistance Authority.

The facts are not in dispute; indeed, at the initial pre-trial conference the parties agreed to submit the matter to the Court on the basis of the pleadings. The sole issue for determination here is the ambit of the exception to discharge enunciated in 11 U.S.C. 523(a)(8), which in relevant part provides:

> "A discharge under Section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> (8) by a governmental unit, or a non-profit institution of higher education, [for an educational loan,] unless—
>
> (A) such loan first became due before five years before the date of the petition; or
>
> (B) excepting such debts from discharge under this paragraph will impose an undue hardship on the debtor or the debtor's dependents. 11 U.S.C. 523(a)(8)".

The hardship aspect of the statutory exception is not in issue; the outcome of the case depends solely upon a determination of the date the student loans became due.

The debtor executed a plethora of student loan notes in the period 1969 through 1972. All contain identical language in which the debtor promised to pay Mountain Trust Bank on March 1, 1974, or nine months after ceasing to be a full-time college student, whichever came first. The borrower was obligated to pay principal plus seven percent annual interest.

The debtor executed an installment note with Mountain Trust Bank [now First and Merchants National Bank] under the guaranteed student loan plan on August 15, 1974. This note is a consolidation of the student loans incurred by the debtor and it provides for a ten year payment at seven percent interest with monthly payments of

$47.71. By the terms of the note, the entire balance becomes due when the debtor fails to make an installment payment.

It is important to note that section 523(a)(8)(A) only excepts from discharge those loans which *first* became due within five years before the date of the filing of the petition. When the loans first became due is simply a question of fact to be determined from the promissory notes signed pursuant to the student loan agreement.

Although the specific date cannot be ascertained from the pleadings, it is clear that the student loans in question first became due in mid-1974. Thus, more than five years have elapsed since the notes first became due.

When the subsequent obligation became due is irrelevant in the instant proceeding; were it otherwise the student loan in issue (and all similar student loans) would never be discharged. Simply put, if default on the note to Mountain Trust Bank were held to be the first date on which the obligation became due, it would be five years before that obligation could be discharged in bankruptcy. Were this interpretation to obtain the student loan in question would be potentially non-dischargeable for up to fifteen years, ten years being the term of the note plus the additional five years provided by the code. This is in contradistinction to the plain language of the statute and the clear intent of Congress.

Accordingly, the debt is discharged.

IT IS SO ORDERED.