In re Frederick J. KAUFMAN, Jr., Debtor.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Plaintiff,

v.

Frederick J. KAUFMAN, Jr., Defendant.

Bankruptcy No. 80–00864K.
Adv. No. 80–0351K.

United States Bankruptcy Court, E. D. Pennsylvania.

March 5, 1981.

Jane G. Penny, Harrisburg, Pa., for plaintiff.

Joseph L. Carney, Norristown, Pa., for debtor/defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This is a case of first impression under the Bankruptcy Reform Act of 1978 ("The Code").[1]

Presently before the court is a complaint brought by plaintiff, Pennsylvania Higher Education Assistance Agency (PHEAA) seeking a determination that the defendant-debtor's education loan guaranteed by the United States Government is not dischargeable pursuant to § 523(a)(8)(A), 11 U.S.C. § 523(a)(8)(A).

The issue presented is whether the loan received by debtor for undergraduate school expenses became "due" as that term is used in the Code within five (5) years of the filing of the petition in bankruptcy.

Because we believe that the five (5) year period has not been met exclusive of a suspension of the repayment period, the debt will be held to be non-dischargeable.

Plaintiff, PHEAA, is the guarantor of an educational loan made by Northeastern National Bank ("the bank") to the debtor to finance debtor's undergraduate education. Funds were first received from the bank in September, 1969, and each successive year until September, 1972. Debtor graduated from the University of Scranton in August, 1973. By notice dated August 9, 1974, debtor was advised by the bank to contact them to arrange a repayment schedule. On September 6, 1974, debtor signed an agreement with the bank, agreeing to pay $59.56 per month in one hundred and nineteen (119) consecutive installments, the first installment being due on October 20, 1974.

Debtor made three (3) monthly payments credited to October, 1974 through December, 1974. In January, 1975, debtor decided to attend graduate school and applied for and received a deferment on his loan payments.[2] He also applied for a second educational loan and signed a promissory note on March 17, 1975. The note stated that debtor expected to graduate in May, 1977, and contained a provision that required him to promptly inform the bank and PHEAA of any changes occurring in his school enrollment status. However, debtor spent only one (1) semester in graduate school, from January, 1975 to May, 1975, and failed to inform the bank of his termination of enrollment.

On December 22, 1977, debtor was advised by the bank that the loans would mature again in February, 1978, nine (9)

---

1. This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. 22 Pennsylvania Code § 121.67(b) provides: "A borrower who enrolls in an approved school as a full-time student after the expiration of the nine-month grace period may defer the repayment of the loan debt while the borrower is enrolled as an eligible student in an eligible institution if proper notice is given to the lender of the enrollment."

months after his expected graduation date.[3] On June 19, 1978, debtor signed another repayment agreement which consolidated the two (2) loans. Repayment was to begin on July 30, 1978.

The record is devoid of any evidence of payments being made on these loans except those received in 1974. On December 20, 1979, the bank declared debtor's loan to be in default for non-payment. PHEAA thereafter honored its guaranty agreement with the bank. PHEAA now brings the instant complaint for determination of dischargeability of debtor's undergraduate student loan debt.[4]

Debtor contends that his education loan is dischargeable under 11 U.S.C. § 523(a)(8)(A) which provides that:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an education loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; (As amended Aug. 14, 1979, P.L. 96–56, § 3, 93 Stat. 387.)

The issue presented is whether the debtor's educational loan first became due before five (5) years (exclusive of any applicable suspension of the repayment period) before April 24, 1980, the date the debtor filed his petition with this court for relief under Chapter 7 of the Code.

The debtor advances the argument that the loan first became due in May, 1974 (nine (9) months after he graduated from the University of Scranton). The law is cur-

rently unclear as to the commencement date of the five-year period. One court has held that "when the loans first became due is simply a question of fact to be determined from the promissory notes signed pursuant to the loan agreement." *In re Brown*, 4 B.R. 745, 746 (Bkrtcy.E.D.Va. 1980). *In re James*, 4 B.R. 115 (Bkrtcy.W. D.Pa.1980) held that the controlling date regarding dischargeability of a student loan debt was "when the first repayment installment becomes due within five (5) years prior to the bankruptcy filing." *Id.*, at 118.

The Court of Appeals for the Tenth Circuit in construing the word "due" as it appeared in a divorce decree stated:

The word 'due' is a word of more than one meaning. It may mean that which is immediately payable, or it may mean a simple indebtedness without reference to time of payment, in which latter sense it is synonymous with 'owing', and includes all debts whether payable in praesenti or futuro. *United States v. Reis*, 214 F.2d 327, 329 (10th Cir. 1954).

In the case of *In re B. H. Gladding Co.*, 120 F. 709 (D.C.R.I., 1903), the court construed the word "due" as it was used in section 64(b)(4) of the Bankruptcy Act. Wages *due* to workmen were held to include wages owing at the date of bankruptcy, even though, by contract between the wage earner and bankrupt, payment was to be deferred to a date later than the date of bankruptcy. The word "due" was held to be synonymous with the word "owing". *Id.*, at 710.

It would seem that where the terms "due" and "owing" appear together, the meaning to be extrapolated is that of a simple indebtedness without reference to time of payment. Although § 523(a)(8)(A) does not use the word "due" in conjunction with another term, the legislative history

---

**3.** 22 Pennsylvania Code § 121.67(a) provides:
"The loan is due for repayment when the borrower has ceased to be enrolled on at least a half-time basis at an approved school for nine consecutive months. Within that nine-month period the borrower shall contact the lender and execute a repayment schedule."

**4.** Debtor conceded that the loan secured by him for graduate school was non-dischargeable by reason of 11 U.S.C. § 523(a)(8)(A) since that loan first became due in February, 1976. See Defendant's Reply To Plaintiff's Brief and Affidavit, legal document # 10, at 1.

seems to adopt the concept of "due and owing" by stating: "Paragraph (8) follows generally current law and excepts from discharge student loans until such loans have been *due and owing* for five years." Senate Report No. 95–989, 95th Cong., 2nd Session 79 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5865 (emphasis added.)

Based on this analysis, we conclude that the word "due" as used in § 523(a)(8)(A) means "due and owing," and as such, it signifies a simple state of indebtedness without reference to time of payment.

As previously stated, the student loan debt will not be discharged unless it first "became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition." § 523(a)(8)(A). Debtor contends that his five-month enrollment in graduate school from January to May of 1975 gives rise to a five-month suspension of the repayment period. Using May of 1974 as the due date of the first installment, he contends that the applicable five-year period, exclusive of the five-month suspension period, would have expired in September of 1979, well before the petition was filed in April of 1980 thus rendering the date dischargeable.[5]

Debtor received a deferment from the bank when he sent the form supplied to him from the bank's installment loan department. On that form, he indicated that he expected to graduate May, 1977. Debtor also signed a promissory note on March 17, 1975 covering the $768.00 to be used for educational expenses at Lehigh University. On that note, he again indicated his expected graduation date as May 30, 1977. The bank relied upon that expected graduation date and received no communication from him that he had discontinued studies prior to that date, despite his signed agreement on the March 17th Promissory Note to ad-

vise the bank of any changes in his school enrollment status. It wasn't until June 19, 1978 that debtor signed a Note agreeing to repay the remaining deferred undergraduate principal and his graduate school principal balances (the first installment became due on July 30, 1978).

In effect, debtor received a suspension of the repayment on his original loan from January, 1975 to July 30, 1978—a period of three (3) years and seven (7) months rather than the alleged five (5) month suspension period. Therefore, it becomes clear that, excluding the three-year, seven-month suspension of the repayment period, debtor's loan was not due until well after the filing of the petition. Consequently, the loan did not "first become due before five years before the filing of the petition."

Accordingly, debtor's student loan is not dischargeable.

---

**5.** To clarify this contention, the alleged starting point is nine (9) months after graduation or May, 1974. This time period ran up to January of 1975 when graduate school enrollment suspended the time. In May of 1975, when studies were discontinued, the period again began to run until August or September of 1979, when the five-year period allegedly expired prior to the petition filing thus excluding the debt from the exception to discharge section.