In re Danny Eugene CRUMLEY, Karen Jean Crumley a/k/a Karen Jean Noggle a/k/a Caron Jean Crumley a/k/a Caron Jean Noggle, Debtors.

Karen Jean CRUMLEY a/k/a Caron Jean Noggle, Plaintiff,

v.

HOPE COLLEGE, Defendant.

Bankruptcy No. 3–81–01860.
Adv. No. 3–82–0053.

United States Bankruptcy Court,
E. D. Tennessee.

June 16, 1982.

Morrison, Morrison & Morrow, P. A., Thomas H. Dickenson, Knoxville, Tenn., for plaintiff.

Fowler & Robertson, John H. Fowler, Knoxville, Tenn., for defendant.

MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

I

This proceeding involves the dischargeability of an indebtedness created when the plaintiff received educational loans while enrolled as a student at Hope College. This court has previously determined that the plaintiff is not entitled to a hardship discharge of the indebtedness pursuant to § 523(a)(8)(B) of the Bankruptcy Code. Consequently, this opinion is limited to the question of whether the indebtedness is dischargeable on the premise that more than five years, exclusive of any applicable suspension of the repayment period, elapsed between the date such loan first became due and the date of the filing of the bankruptcy petition. 11 U.S.C.A. § 523(a)(8)(A).

The parties have stipulated the following facts:

(1) The plaintiff-debtor and her husband filed a joint, voluntary petition in bankruptcy on December 11, 1981. 11 U.S.C.A. § 302.

(2) Their bankruptcy schedule reflects an unsecured debt to the defendant, Hope College. This indebtedness is for student loans obtained by the plaintiff while she was a student at Hope College, and plaintiff is solely responsible for the payment thereof.

(3) A portion of the total indebtedness represents a National Defense Student Loan, and the remainder represents a National Direct Student Loan.

(4) Three separate promissory notes were executed by the plaintiff. Each of these notes provided that repayment would commence *nine* months after the plaintiff ceased to carry at least one-half of a full-time academic workload.

(5) Plaintiff finished her studies at Hope College in December of 1974.

(6) On November 12, 1976, plaintiff requested and received a deferment of

repayment since she was pursuing at least a half-time course of study at an institution of higher education. The plaintiff requested a deferment for the period between *September of 1976* and *July of 1977*, but the defendant actually deferred repayment on its books for the entire year of 1976 and the first seven months of 1977.

(7) The total amount of the indebtedness at this time is $3,135.49.

(8) Two exhibits to the Stipulation of Facts, one reflecting advancements and other information and the second a "Repayment Schedule," are part of the regularly kept business records of the defendant regarding the plaintiff's student loans.

The parties disagree as to the date on which the loan first became due and on the length of the period during which repayment was deferred. The plaintiff insists that the loans first became due in September of 1975. The basis for this contention is the cessation of her student status in December of 1974 and the fact that the notes held by the defendant provide that repayment will be made over a period of 10 years and 9 months commencing 9 months after date on which the maker ceases to carry at least one-half of a full-time academic workload. The defendant apparently agrees that the repayment period began in September of 1975 but asserts that the first payment was not "due" until January 1, 1976. Defendant's assertion is based on the repayment schedule prepared by the defendant on a date undisclosed by the record in this case.

The date on which a note first becomes due is clearly a factual question which should be resolved by reference to the note in question. *In re Brown*, 4 B.R. 745 (Bkrtcy.E.D.Va.1980). The notes in this case contain the following term:

Repayment of principal, together with interest thereon, . . . shall be made in equal · . . . quarterly, bimonthly or monthly installments in accordance with the schedule which is attached to and made part of this note.

The repayment schedule apparently was not prepared concurrently with the notes. Additionally, there is nothing in the record which reflects that the repayment schedule was ever attached to any of the notes in question. However, the factual dispute related to the date on which payment first became due is inconsequential in resolving the controversy concerning the dischargeability of the plaintiff's indebtedness, for the reasons noted hereafter.

## II

11 U.S.C.A. § 523(a) provides in apposite part:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

·    ·    ·    ·    ·

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; . . . .

The issue in this case is simply whether the prescribed statutory period elapsed between the date the "loan first became due" and the date on which the bankruptcy petition was filed. If more than five years elapsed between the date on which the loan first became due and the date of the filing of the bankruptcy petition, exclusive of any applicable suspension of the repayment period, the indebtedness is discharged.

Assuming *arguendo* that the loan first became due on January 1, 1976, (which is the date on which the first installment was due according to the defendant) the indebtedness would be dischargeable if the debtor's petition was filed subsequent to January 1, 1981, *provided* there was no suspension of the repayment period. However, there was a period during which repayment was deferred at the request of the plaintiff-debtor.

The parties have stipulated that the plaintiff requested a deferment of repayment for the period between September of 1976 through July of 1977. However, the plaintiff actually deferred the repayment on its books for the entirety of 1976 and the first seven months of 1977, or a period of 19 months. If the repayment period was suspended for 11 months, as was requested by the plaintiff, the instant debt is dischargeable since the statutory period would have elapsed on December 1, 1981, and the bankruptcy petition was filed subsequent thereto on December 11, 1981. (This presupposes that the loan first became due on January 1, 1976, as alleged by the defendant. The statutory period would have run as of August of 1981 if the loan first became due in September of 1975, and if the suspension period was only 11 months, as alleged by the plaintiff.) If the repayment period was suspended for 19 months, as asserted by the defendant, the debt is nondischargeable regardless of whether the loan first became due in September of 1975 or on January 1, 1976.

The defendant correctly states that the defendant lending institution has the right to determine the period of the installment payments (i.e. quarterly, bimonthly or monthly) under the provisions of the three separate notes. However, this is clearly not tantamount to a right to unilaterally defer or suspend repayment for a period of time. Absent a contractual right to unilaterally suspend the repayment for a period of time, repayment should not have been suspended for any period of time other than the period of 11 months as was requested by the plaintiff. Therefore, the indebtedness of the plaintiff to the defendant for the student loans in question is dischargeable.

The defendant has urged that the instant situation is not unlike the situation in the case of *Matter of Williams*, 9 B.R. 1004 (Bkrtcy.E.D.Va.1981), which involved a note for an educational loan and an extension agreement. The court simply notes that there is a critical factual distinction. In *Williams*, the lender complied with the deferment request of the debtor, whereas, in the instant case the lender did not. The defendant herein simply had no authority to defer repayment for a period in excess of that requested by the plaintiff-debtor.

Finally, this court notes that the situation is also unlike the situation in the case of *In re Kaufman*, 9 B.R. 755 (Bkrtcy.E.D.Pa. 1981). In *Kaufman*, the debtor applied for a deferment on the basis that he would be in graduate school between January of 1975 and May of 1977. However, the debtor withdrew from graduate school in May of 1975. The debtor did not inform the lender that he had terminated his student status yet he subsequently asserted that the period of repayment had been suspended only for the 5-month period during which he was actually enrolled in graduate school. The court rejected that argument finding that the lender had relied on the debtor's representation that he would be a graduate student for approximately 30 months and had suspended payments for that period. There was no similar "misrepresentation" or failure to notify on the part of the debtor in the present case.

In summary, the date on which the loan first became due, i.e. September 1975 or January 1, 1976, is inconsequential since the suspension of the repayment period was for a period of only 11 months. Accepting defendant's position that the loan first became due on January 1, 1976, the statutory period of § 523(a)(8)(A) was completed on December 1, 1981, which was 10 days prior to the date of the filing of the bankruptcy petition. The indebtedness in question is dischargeable.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

Submit Judgment.