In re Kevin Dale SHRYOCK, Sharon Frances Shryock, Debtors.

Kevin Dale SHRYOCK, Sharon Frances Shryock, Plaintiffs,

v.

PITTSBURG STATE UNIVERSITY, Defendant.

Bankruptcy No. 88–20920–7.
Adv. No. 88–0106.

United States Bankruptcy Court, D. Kansas.

July 14, 1989.

Roberta L. Comer, Comer & Dunn, Edwardsville, Kan., for plaintiffs/debtors.

Nancy L. Ulrich, Asst. Atty. Gen., Topeka, Kan., for defendant.

David C. Seitter, Overland Park, Kan., Trustee.

MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on the complaint of Kevin Dale Shryock and Sharon Frances Shryock to determine the dischargeability of student loans under section 523(a)(8). Plaintiff/debtor Kevin Dale Shryock appeared in person and through counsel, Roberta L. Comer. The defendant, Pittsburg State University, appeared by and through counsel, Nancy L. Ulrich.

FINDINGS OF FACT

Based on the stipulations, the pleadings, the exhibits, the testimony, and the record,

---

this Court makes the following findings of fact:

1. The parties stipulate that plaintiff Kevin Shryock was a student at Pittsburg State University and that he graduated in May, 1982. The parties also stipulate that the student loans plaintiff borrowed from Pittsburg State University were subject to the provisions on student loans under section 523(a)(8). That plaintiff Sharon Frances Shryock, did not sign the promissory notes in question and is not obligated thereon.

2. The first student loan (Loan No. 1) advanced to plaintiff related to the period between August 14, 1980 and March 6, 1981, and the amount totaled $1500. The interest rate on Loan No. 1 was three percent (3%) and the grace period expired nine months after graduation.

3. The second student loan (Loan No. 2) advanced to plaintiff was for the period between August 17, 1981, and January 7, 1982, and totaled $1500. The interest rate on Loan No. 2 was four percent (4%) and the grace period expired six months after graduation.

4. Under the terms of plaintiff's promissory notes and Pittsburg State University's loan policies, plaintiff's first installments became due at the end of the first quarter after his grace periods expired. Loan No. 1 first became due on June 1, 1983, and Loan No. 2 first became due on March 1, 1983.

5. On July 6, 1988, Kevin Shryock filed a motion for relief under chapter 7, title 11, United States Code.

6. Plaintiff's original payment terms were $116.25 per quarter.

7. Before plaintiff's first installment became due, plaintiff wrote a note to Pittsburg State University and asked that his original payments be reduced or modified.

8. Plaintiff requested that his payments be reduced or modified until he received a Sallie Mae consolidation for all his student loans.

9. Before plaintiff's first installment became due, plaintiff also contacted Pittsburg State University by telephone and asked that his payments be reduced until he could consolidate all of his student loans. Plaintiff stated that he was financially unable to make payments under the original terms.

10. Pittsburg State University agreed to reduce plaintiff's payments to an amount which would cover the interest on his loans. If plaintiff made interest payments, he would not be in default and would remain eligible for a Sallie Mae consolidation.

11. As agreed, Mr. Shryock made payments to Pittsburg State University in amounts necessary to cover the interest on his loans.

12. Pittsburg State University, through Henry Stricklin, Loan Collections Officer, made an agreement with Kevin Shryock to modify his payments so he could get his consolidation. Henry Stricklin understood and intended the agreement to be binding on both parties.

13. Plaintiff understood that he made a request to Pittsburg State University to have his payments reduced or modified, and he agreed to make minimal payments in exchange for Pittsburg State University's agreement to forego collection. Plaintiff made the payments to Pittsburg State University that he agreed to make.

14. When plaintiff's initial consolidation was not granted in late 1983, his modified repayment schedule was extended, in case the consolidation program was reinstituted at a later date.

15. The regulations of Pittsburg State University required that a form OE 1120 "Request for Deferment of Repayment" must be filed at the time the first payment is due. No such Form OE 1120 was ever filed by Kevin Shryock, nor requested to be filed by officials of Pittsburg State University.

## CONCLUSIONS OF LAW

Under section 523(a)(8)(A), a student loan is excepted from discharge unless "such loans first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition."

In this case, there is no question that the loans first became due before five years before the date of the filing of the petition. The loans, without any suspension period, became due five years and one month, and five years and 4 months, respectively, before the bankruptcy was filed. The issue in this case is whether or not there was a "suspension of the repayment period" on these loans such that the loans fall back within the five year period of section 523(a)(8)(A). This Court finds there was such a "suspension."

The term "suspension" has been broadly interpreted by the courts to include any time the original repayment period is set aside either by cessation of payments or modification of payments. *See In re Eckles*, 52 B.R. 433, 434 (E.D.Wis.1985). The rationale behind such a broad interpretation is that to rule otherwise would allow debtors to manipulate the amount of money they must repay before they file for bankruptcy and thereby gain the benefits of the suspension or reduction and still discharge the debt. *Id.* at 435.

Under this interpretation, the informal agreement between Kevin Shryock and Pittsburg State University constitutes a valid suspension or modification of the repayment period. Kevin Shryock requested a reduction or modification of his repayments, both orally and in writing, until his student loan consolidation was granted. Pittsburg State University agreed to the modification and asked that Kevin Shryock make only interest payments. Pittsburg State University agreed to forego collection if plaintiff would make the interest payments. Kevin Shryock agreed to Pittsburg State University's repayment schedule and made payments in the amount needed to satisfy the current interest on his loans. When plaintiff's consolidation was denied, the agreement was extended. Plaintiff's acquiescence to the agreement is evidenced by his testimony and by his repayments, which were in the amount Pittsburg State University specified.

IT IS THEREFORE, BY THE COURT, ORDERED That judgement on the plaintiff/debtors' complaint seeking to discharge his student loans is against the plaintiff/debtor and in favor of the defendant Pittsburg State University. The stu-

dent loans are nondischargable under section 523(a)(8).