**In re Rosemarie Ann BARCIZ, Debtor.**

**Rosemarie Ann BARCIZ, Plaintiff,**

v.

**FARMERS CITIZENS BANK, Defendant.**

**Bankruptcy No. 89–0143.**
**Related Case No. 88–02909.**

United States Bankruptcy Court,
N.D.Ohio, W.D.

June 29, 1990.

L. Mari Taoka, Toledo, Ohio, for plaintiff.

Geoffrey L. Stoll, Bucyrus, Ohio, for Farmers Citizens Bank.

Jay M. Patterson, Columbus, Ohio, for Ohio Student Loan Com'n.

## ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the parties Cross Motions for Summary Judg-

ment. A Pre–Trial was held on the Debtor's Complaint for Violation of Bankruptcy Discharge and the parties agreed to submit this matter to the Court upon the record and the written arguments of counsel. The Court has reviewed the exhibits and the written arguments of counsel, as well as the entire record in this case. Based on that review, the Court finds that the Debtor's Motion for Summary Judgment should be denied and Defendant's Motion for Summary Judgment should be granted.

## FACTS

On December 13, 1988, the Plaintiff, Rosemarie A. Barciz, filed a voluntary Petition in this Court pursuant to 11 U.S.C. Chapter 7. Farmer's Citizens Bank was the assignor of the original notes to the Defendant, the Ohio Student Loan Commission. The Petition only listed Farmer's Citizens as the creditor for this obligation, not the Ohio Student Loan Commission.

During 1979, 1980 and 1981, Farmer's Citizens Bank made several guaranteed student loans to the Debtor, totalling Fifteen Thousand Eight Hundred Twenty-seven Dollars and Eighteen Cents ($15,827.16). The grace period on these loans expired one year after Debtor's graduation from school in 1982.

Copies of the Repayment/Consolidation Addendum and Disclosure Statement filed with the Ohio Student Loan Commission's Claim reflect that the Debtor's initial monthly loan payment first became due on August 16, 1983. There were to be One Hundred and Nineteen (119) payments of One Hundred Eighty-three Dollars and Seventy-seven Cents ($183.77), followed by a final payment of One Hundred Eighty-three Dollars and Forty-one Cents ($183.41) on July 16, 1993.

From the time the payments first came due in 1983 and the filing of the Bankruptcy Petition, the Debtor made regular monthly payments to Farmer's Citizens Bank in the amount of One Hundred Fifty Dollars ($150.00). In January and May of 1988, the Debtor, at the request of Farmer's Citizens Bank, entered into forbearance agreements for the year of June 17, 1987 to June 17, 1988. These agreements permitted the Debtor to continue making monthly payments of One Hundred Fifty Dollars ($150.00) each, but did not permit her to cease making payments.

The Debtor asserts that Farmer's Citizens Bank violated the April 17, 1989 Order of Discharge by making demand upon the Debtor for payment of the obligation. In response, the Defendant argues that the Debtor's student loan was nondischargeable under § 523(a)(8). Therefore, there was no violation of the § 524(a)(2) injunction, which prohibits creditors from attempting to collect debts which have been discharged.

The primary issue in this case is whether the Order of Discharge relieved the Debtor of her obligation to Farmer's Citizens Bank pursuant to the "Five-year Rule" provided for in 11 U.S.C. § 523(a)(8)(A).

## LAW

The Debtor claims her student loan was discharged under Section 523(a)(8)(A), which states:

A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution, unless

(A) such loan first becomes due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.

To qualify for the exception to nondischargeability of student loans under Section 523(a)(8)(A), the loan must first become due more than five (5) years before the date of the filing of the Petition, exclusive of any suspension of the repayment period. A loan "first becomes due" when the first installment is due. *In re Nunn*, 788 F.2d 617, 618 (9th Cir.1986). Therefore, the Debtor's loan first became due in August of 1983. Accordingly, it was approximately Five and One-half (5½) years

from the date the loan first became due in 1983 and the filing of Rosemarie Barciz's Chapter 7 Petition in December of 1988.

▇ Thus, the issue before the Court is whether or not the forbearance agreement modifying Debtor's payments constitutes a "suspension of the repayment period". If there was a "suspension" under the statute, the Debtor's loan obligation would fall within the five (5) year period, making the loan nondischargeable under § 523(a)(8)(A).

Counsel for Rosemarie Barciz cites *In re Brown* in support of her position that when the original terms of the loan are altered, the relevant date is the time the loans first become due, regardless of any subsequent modification. *In re Brown,* 4 B.R. 745, 745–46 (Bankr.E.D.Va.1980). In *Brown,* the debtor executed an installment note which consolidated several student loans. Despite the consolidation, the court held that the relevant factor in application of 11 U.S.C. § 523(a)(8)(A) was the date of the loans first became due and not when each installment became due. *Brown,* 4 B.R. at 745–746.

The Debtor argues that in *Brown,* the note consolidating the student loan was an alteration of the original terms of the loan, and in the case at bar, the forbearance agreement was also an alteration of the original terms of the loan. Therefore, the cases are similar and, as in the *Brown* case, the court here should look to the date on which the first payment became due, and not the date of the subsequent modification of the terms, in determining whether the Section 523(a)(8)(A) exception applies. The Debtor also argues that because the payments have been due for over five (5) years and payments did not cease for a period of five (5) years the exception should apply.

The *Brown* case deals with an issue entirely different from the issue in the case at bar and therefore cannot be used as authority. *Brown* deals with a consolidation of all previous loans. In the case at bar, there is no loan consolidation, only a modification of the repayment schedule. *Brown* deals with the issue of when the loan first became due and owing and the case before the Court now deals with the meaning of "suspension of the repayment period."

A later case citing *Brown* further establishes this point. The court held that for consolidation of student loans, the relevant date for purposes of the § 523(a)(8)(A) exception is the date the original note became due and not the date on which subsequent obligations concerning the first loan became due *unless* there was a suspension of the repayment period. *In re Griffin,* 108 B.R. 717 (Bankr.W.D.Mo.1989). As the case points out, even the relevant date for loan consolidations is subject to any "suspension of the repayment period." The Debtor's argument is clearly not on point for the purposes of this decision.

Other decisions, which have considered facts more similar to the case at bar, appears to supports the Defendant's position that a modification of repayment constitutes a suspension of the repayment period under § 523(a)(8)(A). In *In re Eckles,* 52 B.R. 433, 435 (E.D.Wis.1985), the District Court for the Eastern District of Wisconsin held that "an applicable suspension of the repayment period" includes the acceptance of payments smaller than those originally scheduled under a forbearance agreement. Therefore, any time the original repayment period is set aside by an agreed modification of payments, the repayment period has been suspended. The *Eckles* decision holds that the time period during which the payments have been modified cannot be included in the five year calculation. *In re Eckles,* at 435.

Subsequent cases have followed the *Eckles* decision. On similar facts, the court in *In re Shryock* concluded that an agreement to reduce payments to "interest only" was a valid suspension or modification of the repayment period, causing a "tolling" of the running of the statutory five-year period. *In re Shryock,* 102 B.R. 217 (Bankr.D.Kan.1989); *see also, In re Sava,* slip op., 1988 WL 140995 (Bankr.D.Md. 1988).

The Debtor has raised some policy concerns in opposing the application of the general rule set forth in the above case

law. First, the Debtor contends that her case is different than the cases cited above because of the payments were only reduced 18.38%. It is Debtor's counsel's position that if forbearance agreements for small reductions, such as the one in this case, cause a tolling of the five-year period, student loan debtors will be advised not to sign any compromise agreements, forcing student loan guarantors to expend increased funds on collection efforts.

Even if the Debtor is correct, the case law reflects that under the Bankruptcy Act the similar tolling provisions applied. *See, Matter of Williams*, 9 B.R. 1004, 1011–1012 (Bankr.E.D.Va.1981). If Congress had intended a different result, it could have provided it in the statute.

It appears that the Debtor is also concerned the student loan guarantors will obtain forbearance agreements for small reductions, thereby preventing loans from being discharged. As Chief Bankruptcy Judge Paul Mannes pointed out in the unreported *Sava* decision, *supra*, any suspension of the payment period must be a *valid* suspension. *See, In re Keenan*, 53 B.R. 913 (Bankr.D.Conn.1985) (where debtor had not sought deferment, suspension was invalid); *In re Whitehead*, 31 B.R. 381 (Bankr.S.D.Ohio 1983) (a deferment unilaterally granted by a university was invalid); *In re Crumley*, 21 B.R. 170 (Bankr.E.D. Tenn.1982) (deferment beyond the requested time was invalid). Thus, if a debtor was able to show bad faith on the part of a lender, or guarantor, it appears that the suspension would be invalid, and no tolling would occur.

However, in this case, there has been no showing of bad faith, and this Court will follow the previously cited case law. There is a clear, "bright-Line" rule that has been established and followed. While it may not be a perfect rule, this Court is reluctant to muddy the waters by recognizing some exception to the general rule on forbearance agreements based on the size of the reduction.

Excluding the one (1) year during which the forbearance agreement allowed in which the Debtor made smaller than sched-uled payments without penalty, the loan has only been due and owing for four and one-half (4½) years prior to the filing of the petition. Therefore, the Debtor does not meet the exception to nondischargeability set out in 11 U.S.C. § 523(a)(8)(A), and her loan was not discharged by the April 17, 1989 Discharge Order.

The Court has also considered the Debtor's argument that the Defendant cannot claim the loan is nondischargeable because it failed to file a complaint to determine the dischargeability of the loan.

The Court does not agree with this line of reasoning. The legislative history behind Section 523(a)(8)(A) shows that the provision is self executing and the Defendant need not file a Complaint to determine the dischargeability of a student loan. *In re Johnson*, 17 B.R. 95 (Bankr.W.D.Mo. 1981).

Therefore, the student loans should be declared nondischargeable.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED, that the Defendant's Motion for Summary Judgment be, and is hereby, Granted.