In re Bruce Wayne
GEORGINA, Debtor.

Bruce Wayne GEORGINA, Plaintiff,

v.

HIGHER EDUCATION ASSISTANCE
FOUNDATION, Defendant.

Bankruptcy No. 90–41872–2.
Adv. No. 90–4161–2.

United States Bankruptcy Court,
W.D. Missouri.

Feb. 8, 1991.

Larry G. Chipman, Independence, Mo., for debtor.

Thomas L. Griswold, Overland Park, Kan., for defendant.

## MEMORANDUM OPINION

**FRANK W. KOGER, Chief Judge.**

Debtor filed a Chapter 7 petition for relief on July 26, 1990 and in this adversary proceeding sought to have his student loans discharged on the grounds that they became due more than five years before the date of the filing of the petition. The earliest date of repayment on any of the notes is February 1, 1983, so that facially debtor's assertions seem valid. However, Higher Education Assistance Foundation, the ultimate defender of the complaint and hereinafter referred to as HEAF, claims that five years had not actually expired because of the forbearances requested by debtor and granted by HEAF between 1983 and 1990.

Since the facts are not disputed, they may be stated rather quickly. Debtor executed a promissory note to Citizens National Bank on October 3, 1980 in the principal amount of $2,087.00 with interest at 7% per annum. Debtor executed a promissory note to Citizens National Bank on April 27, 1981 in the principal amount of $2,448.00 with interest at 7% per annum. The repayment schedule of the two notes was originally set up for 119 consecutive monthly payments of $52.65 each beginning February 1, 1983.

Debtor applied, in writing, for nine forbearances of payment as follows:

(1) May 1, 1983 through January 1, 1984

(2) February 1, 1984 through May 1, 1984

(3) September 20, 1984 through March 20, 1985

(4) June 20, 1985 through April 20, 1986

(5) May 20, 1986 through October 20, 1986

(6) January 1, 1987 through December 1, 1987

(7) December 20, 1987 through May 20, 1988

(8) June 20, 1989 through September 20, 1989

(9) April 20, 1990 through July 26, 1990

HEAF granted forbearances for a total of 53 months during the 89 months transpiring between February 1, 1983 (first payment due date) and July 26, 1990 (bankruptcy filing date).

The applicable law comes from 11 U.S.C. § 523(a)(8)(A). By condensing that statute, the appropriate words read:

> A discharge under section 727 ... of this title ... does not discharge an individual debtor from any debt ... for an educational loan ... unless such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of filing of the petition ...

The question before the Court then is whether the forbearances requested by debtor and granted by HEAF constitute "any applicable suspension of the repayment period" as set out in the statute.

There have been no reported cases by or within the Eighth Circuit. No other Circuit Court has spoken on the issue. Thus, this Court will engage in legal divination in ruling the issue.

■ To determine what Congress intended to be included within "any applicable suspension of the repayment period", we should look first to the legislative history of the statute. That legislative history expresses an intent to discharge student loans that have been "due and owing" for more than five years. Senate Report No. 95–989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865. Therefore, the question before this Court is whether the student loans of the debtor were "due and owing" during the periods that he requested and was granted forbearance. So stated, it is self-evident that while the loans were in the forbearance periods agreed to by both parties, they, while arguably still "owed" by the debtor, were not "due". Therefore, it is the decision of this Court that the forbearance periods did constitute "applicable suspension[s] of the repayment period" and the loans are excepted from discharge pursuant to § 523(a)(8).

Other courts which have addressed similar issues have reached the same conclusion. The court in *Eckles v. Wisconsin Higher Education Corp.*, 52 B.R. 433 (E.D. Wis.1985), dealt with a forbearance agreement between the parties which called not for a cessation of payments but for a mere reduction in the amount of payments for a three month period. The court in *Eckles* held that the reduction in payments resulted in a longer repayment period and therefore qualified as an "applicable suspension of the repayment period".

The court in *In re Shryock*, 102 B.R. 217 (Bkrtcy.D.Kan.1989) also dealt with a reduction in the amount of student loan payments due and found that an informal agreement between the parties that the debtor would pay interest only for a period of time constituted a "suspension of the repayment period". The court in *Shryock*, broadly interpreted "suspension" to include any time the original repayment period is set aside by either cessation or modification of payments. *Id.* at 219.

The case relied on by the debtor and arguably most factually similar to the case at bar is *In re Keenan*, 53 B.R. 913 (Bkrtcy.D.Conn.1985). The court in *Keenan* found the student loan indebtedness dischargeable despite two unemployment deferment periods granted by the lender. However, *Keenan* is clearly distinguishable from this case. The court in *Keenan* based its decision on two factors. First, the deferment periods granted were improper and in violation of controlling federal regulations. Second, the deferments were not requested by the debtor, but rather were unilateral decisions of the lender. Neither of these factors are present here, so *Keenan's* persuasive power is reduced by the contrasts in the facts.

For the reasons stated herein, the Court concludes that the debtor's indebtedness to HEAF came due less than five years before the date of his filing the Chapter 7 petition by virtue of the forbearances granted at debtor's request. The Court concludes that said forbearances do constitute "suspension(s) of the repayment period" and therefore that said loans are NOT DISCHARGEABLE herein.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law.

SO ORDERED.