**Virginia M. PELKOWSKI, a/k/a Virginia M. Dodd, Plaintiff–Appellee,**

v.

**OHIO STUDENT LOAN COMMISSION, Defendant–Appellant.**

**Civ. A. No. 92–54 Erie.**

United States District Court, W.D. Pennsylvania.

May 13, 1992.

Gary H. Nash, Erie, PA, for plaintiff-appellee.

James K. McNamara, Erie, PA, Jay M. Patterson, Columbus, OH, Byron Wiley, Lawrence, KS, for defendant-appellant.

## MEMORANDUM OPINION

MENCER, District Judge.

The Ohio Student Loan Commission is appealing a decision of the Bankruptcy Court for the Western District of Pennsylvania issued January 6, 1992. 135 B.R. 254. That order permitted Virginia M. Pelkowski to be discharged from debts she incurred as comaker for the student loans of Michael A. Pelkowski and Christine M. Pelkowski. For the reasons discussed below, the finding of the Bankruptcy Court will be reversed, and this court finds the educational loan debts to be non-dischargeable.

■ This court has jurisdiction to hear the appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). Findings of fact made by a Bankruptcy Court may not be set aside unless clearly erroneous. *See* Bankruptcy Rule 8013; *In re Spada,* 903 F.2d 971, 975 (3d Cir.1990). The Bankruptcy Court's legal conclusions, however, are subject to the district court's plenary review. *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 102 (3d Cir. 1981).

Appellee filed her complaint on January 14, 1991 in order to determine dischargeability of debt pursuant to 11 U.S.C. § 523 and Fed.R.Bankr.P. 4007. The parties filed stipulations in April, 1991 agreeing that there were no disputed issues of fact and that the sole issue of law was whether a non-student comaker of an educational loan must prove the exceptions to non-dischargeability contained in 11 U.S.C. § 523(a)(8) in order to have the debt discharged. The lower court found that Virginia Pelkowski could not meet the two exceptions to § 523(a)(8), but determined that the debt should be discharged anyway.

11 U.S.C. § 523(a)(8) provides:

A discharge under Section 727, 1141, 1228(a), 1228(b), 1328(b) of this title does not discharge an individual debtor from any debt ... (8) for an educational benefit, overpayment or loan made, insured or guaranteed by a governmental unit ... unless:

(A) such loan, benefit, scholarship or stipend over payment first became due more than seven years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition or

(B) excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents.

■ The bankruptcy court acknowledged that the debtor was unable to meet either exception under 11 U.S.C. § 523(a)(8), and instead framed the issue as to whether the debts should be discharged automatically as with other debts in bankruptcy. The Bankruptcy Court, while acknowledging a split of authority, chose to follow the reasoning of *In re Boylen,* 29 B.R. 924 (Bankr.N.D.Ohio 1983).

The court believes the *In re Boylen* case to be distinguishable from the case at bar. That court, while discussing in dicta the pervasiveness of the concept of a fresh start throughout the Bankruptcy Code, does not base it holding upon that rationale. Rather, the Bankruptcy Court determined that "the payment of the student loan debt would create an undue hardship for debtor, John Boylen and Lucille Boylen." 29 B.R. at 928. Thus the court

based its finding of dischargeability upon the fact that the Boylens met the exception to 11 U.S.C. § 523(a)(8), that is that an undue hardship would be imposed if the debt were not discharged. That is not the case with Virginia Palkowski, as the Bankruptcy Court acknowledged when it said "The debtor concedes that she cannot meet the standards of 'undue hardship.'"

The court is in agreement with the appellant that the cases decided since 1987, with the exception of two, all find in favor of non-dischargeability of the student loan. *In re Barth*, 86 B.R. 146 (Bankr.W.D.Wis. 1988); *In re Taylor*, 95 B.R. 550 (Bankr. E.D.Tenn.1989); *In re Martin*, 119 B.R. 259 (Bankr.E.D.Okl.1990); *In re Hammarstrom*, 95 B.R. 160 (Bankr.N.D.Cal.1989).

The *In re Hammarstrom* case is particularly valuable for its insight into the legislative history of § 523(a)(8). The court stated:

> First, there is no clear evidence in the legislative history that Congress intended otherwise nondischargeable educational loans to be dischargeable merely because the maker of the promissory note is someone other than the student. Neither the floor debates nor the legislative history contain a single word about non-student obligors.
>
> Second, the legislative history reveals that a major purpose of Congress in enacting Section 523(a)(8) was to safeguard the financial integrity of educational loan programs by limiting the instances in which such obligations can be discharged in bankruptcy. *See* 124 Cong., 1st Sess. 133, 136, 154 (1978). This goal is served by barring discharge of educational loans signed by parents. A loan program is affected just as much when a parent discharges a loan as when a student discharges a loan ...
>
> Third, even if Congress' primary goal in enacting Section 523(a)(8) was to prevent abusive discharge of educational loans by students, barring discharge of educational loans signed by parents does not interfere with that goal.

The court also finds merit in the appellant's argument regarding the extension of the time period for student loans to have been due before they will be discharged. Section 523 was amended in November, 1990. Prior to the Amendment, the educational loan must have been due for more than five years before the filing of the petition in order for the loan to be discharged. The 1990 Amendment extended the time period to seven years, having the effect of making it more difficult to obtain the discharge of a student loan debt. The court believes this Amendment is another indicia that Congressional intent was to make the discharge of a student loan more difficult both for the student and for the comaker.

The court believes that for Virginia Pelkowski to prevail in seeking discharge of her loan, she would have to meet one of the two statutory exceptions enumerated in 11 U.S.C. § 523(a)(8). Since it has already been determined that she cannot meet the exceptions, the findings of the Bankruptcy Court as to the dischargeability of debt will be reversed.

An appropriate order will follow.

### ORDER OF COURT

AND NOW this 13th day of May, 1992,

After careful consideration and for the reasons set forth in the accompanying memorandum opinion,

IT IS HEREBY ORDERED that the January 6, 1992 Order of the United States Bankruptcy Court for the Western District of Pennsylvania (Bankruptcy No. 90–759 Erie, Adversary No. 91–0003) is REVERSED.

IT IS FURTHER ORDERED that the liability of the debtor to the Ohio Student Loan Commission and/or the Loan Servicing Center on account of two promissory notes signed by her as co-maker for student loans in which Michael A. Pelkowski was the maker, and the four promissory notes signed by her as co-maker for student loans in which Christine M. Pelkowski was the maker, is not discharged in the Bankruptcy Court proceedings.

IT IS FURTHER ORDERED that the promissory note in which the debtor was

the sole maker, wherein the proceeds were to be used for the educational expenses of Christine M. Pelkowski and wherein the balance is approximately $1,388.89, is not discharged.