**In the Matter of Geraldine A. OWENS a/k/a Geraldine Ann Owens, Debtor.**

**Geraldine A. OWENS a/k/a Geraldine Ann Owens, Plaintiff,**

v.

**NEBRASKA HIGHER EDUCATION LOAN PROGRAM, INC., Defendant.**

**Bankruptcy No. BK91–41661. Adv. No. A92–4039.**

United States Bankruptcy Court, D. Nebraska.

Dec. 6, 1993.

Paul J. Peter, Lincoln, NE, for Nebraska Student Loan Program, Inc.

Rick D. Lange, Lincoln, NE, for Geraldine A. Owens, a/k/a Geraldine Ann Owens.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Complaint of the debtor seeking declaratory judgment on the issue of whether § 523(a)(8) applies to a student loan made to the parent of a student. Geraldine Owens, debtor in this case, did not herself receive any educational benefits, as the loan proceeds were used for the education of her children. This case was submitted to the court for decision on a Stipulation of Facts. I conclude that the student loan debt incurred by the debtor for the benefit of her children is excepted from discharge under § 523(a)(8).

The debtor, Geraldine Owens, was the sole maker of promissory notes evidencing loans from Nebraska Higher Education Loan Program, Inc. (NEBHELP). At the time these loans were made, the debtor was not a student, but had two daughters attending the University of Nebraska, and these loans were made pursuant to the Parent Loans for Undergraduate Students (PLUS) program.

Geraldine Owens defaulted on the loans from NEBHELP and filed Chapter 7 bankruptcy on October 30, 1991. A discharge order was entered on February 24, 1992.

Geraldine Owens commenced this adversary proceeding on May 15, 1992, seeking a determination as to the dischargeability of the loans obtained through NEBHELP. Nebraska Student Loan Program, Inc. (NSLP) was named as substitute defendant in this action by virtue of its status as guarantor. Mrs. Owens asserts that the loan obligations owed to NSLP are not excepted from discharge under § 523(a)(8) because she was not a student at the time the loans were made, and therefore the loans do not constitute an "educational benefit overpayment or loan . . . ." as defined in § 523(a)(8).

I conclude that the loans obtained by Geraldine Owens for her daughters' education are subject to the exception to discharge of § 523(a)(8). There is a split of authority on this issue. Compare *In re Boylen,* 29 B.R. 924 (Bankr.N.D.Ohio 1983) with *Pelkowski v. Ohio Student Loan Com'n,* 153 B.R. 29 (W.D.Pa.1992). However I choose to follow the line of cases which focuses on the nature of the debt and lender involved rather than on the status of the debtor. See *Pelkowski, supra; In re Hammarstrom,* 95 B.R. 160 (Bankr.N.D.Cal.1989).

Most of the decisions holding that a nonstudent debtor is not covered by § 523(a)(8) have involved nonstudent comakers rather than sole obligors, as is the situation in the present case. Compare *In re Boylen, supra; In re Behr,* 80 B.R. 124 (Bankr.N.D.Iowa 1987); and *In re Zobel,* 80 B.R. 950 (Bankr. N.D.Iowa 1986) with *In re Feenstra,* 51 B.R. 107 (Bankr.W.D.N.Y.1985); *In re Reid,* 39 B.R. 24 (Bankr.E.D.Tenn.1984).

Furthermore, an examination of the statutory language of § 523(a)(8) reveals that there is no requirement that the debtor be the student. See 11 U.S.C. § 523(a)(8) (1993). The statute requires (i) that the loan be made for the purpose of educational benefit and (ii) that the loan be guaranteed by a governmental unit or under a governmental program. *Id.* Here there is no question

that the loans involved were guaranteed by the government under the Federal Higher Education Act. Additionally, under this program loans would only be made for the purpose of providing educational benefit for either the borrower or his or her children. Therefore the loans were made for the purpose of educational benefit. There is no requirement in § 523(a)(8) that the loans be for the direct educational benefit of the borrower. *In re Palmer*, 153 B.R. 888 (Bankr. D.S.D.1993).

Finally, if this court were to find that educational loans obtained by parents were dischargeable, educational loans would become immediately dischargeable where a nonstudent party signed the promissory note. This would defeat the purpose of § 523(a)(8), which is to protect the integrity of the educational loan programs of the government by restricting the circumstances in which loans can be discharged. See 124 Cong., 1st Sess. 133, 136, 154 (1978); *In re Hammarstrom*, 95 B.R. at 163, 164. A broad reading of the applicability of § 523(a)(8) is also consistent with the recent extension of that provision to Chapter 13 bankruptcies by Congress.

I thus conclude that § 523(a)(8) applies to the situation where a parent is the sole obligor on an educational loan for the benefit of his or her children. Neither the Complaint in this adversary proceeding, the Pretrial Statement, nor the Stipulation of Facts set forth any factual basis for a finding of undue hardship or other exception to § 523(a)(8). Consequently, the loans obtained by Geraldine Owens through NEB-HELP should be excepted from discharge.

A separate order will be entered consistent herewith.