**In re Jonathan L. JONES and Karen Jones, Debtors.**

**Jonathan L. Jones and Karen Jones, the above-named chapter 13 debtors, Plaintiffs,**

**v.**

**H & W Recruiting Enterprises, LLC, Defendant.**

**Bankruptcy No. 99–11875–GHB.
Adversary No. 99–5199.**

United States Bankruptcy Court, W.D. Tennessee, Eastern Division.

Dec. 20, 1999.

John R. Cheadle, Jr., Nashville, TN, for defendant.

Richard H. Walker, Lexington, TN, for plaintiffs.

George W. Stevenson, Jackson, TN, Standing Chapter 13 Trustee.

Ted M. Hunderup, Jackson, TN, for Standing Chapter 13 Trustee.

Ellen B. Vergos, Memphis, TN, United States Trustee, Region 8.

## MEMORANDUM RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ARISING OUT OF PLAINTIFFS' PENDING COMPLAINT UNDER 11 U.S.C. §§ 1328(a)(2) AND 523(a)(8) COMBINED WITH NOTICE OF THE ENTRY THEREOF

DAVID S. KENNEDY, Chief Judge.

This adversary proceeding is before the court on a motion filed by the defendant, H & W Recruiting Enterprises, LLC, for judgment on the pleadings.[1] The instant motion arises out of a pending complaint filed by the plaintiffs, Jonathan L. Jones and Karen Jones, the above-named chapter 13 debtors, under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), seeking an order declaring a certain student loan to be dischargeable.

By virtue of 28 U.S.C. § 157(b)(2)(*l*), this is a core proceeding. Based on undisputed and stipulated background facts, the following shall constitute the court's findings of fact and conclusions of law in accordance with FED.R.BANKR.P. 7052.

The narrow and ultimate question presented for judicial determination is whether a student loan debt owed to a creditor, a strictly *for-profit* educational lender (as opposed to a governmental, government-related, or non-profit lender), is excepted from the debtors' discharges under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8). For the reasons mentioned below, this court finds and concludes that the plaintiffs' student loan obligations owed to this strictly for-profit lender-defendant are subject to discharge.

The relevant background facts may be briefly summarized as follows: On July 1, 1996, the plaintiff, Jonathan L. Jones, executed a retail installment contract and promissory note in the original principal amount of $4,200.00 in favor of the defendant to finance his tuition at the defendant's for-profit, truck driving trade school.[2] Plaintiff, Karen Jones, at the request of the defendant, guaranteed this debt. The debt was not made, insured, or guaranteed by a governmental unit or non-profit institution. Due to financial distress, on June 17, 1999, the plaintiffs filed a joint section 302 case under chapter 13 of the Code. Defendant is listed in the Schedule F herein as being the holder of an unsecured, nonpriority claim in the amount of $7,275.00.

Section 523(a)(8) of the Code provides in relevant part here as follows:

---

1. FED.R.BANKR.P. 7012(c) is entitled *Motion for Judgment on the Pleadings* and provides as follows:

    After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

2. The promissory note bears interest at 18% and is payable in 24 monthly payments of $209.68 each. The first payment to the defendant was due on September 15, 1996. The retail installment contract also provides that should the plaintiffs default in the payment of any installment, they agreed to pay to the defendant all collection costs including attorneys fees.

A discharge ... does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, *or for an obligation to repay funds received as an educational benefit, scholarship or stipend....* (emphasis added).

The student loan exception to discharge under section 523(a)(8) applies equally in chapter 13 cases. See 11 U.S.C. § 1328(a)(2).

Defendant cites no case authority for its position. Instead, the defendant solely relies upon the statutory language of section 523(a)(8). Although the defendant clearly is not a governmental or non-profit institution or entity and the plaintiff, Karen Jones, is the sole guarantor of the student loan debt, nonetheless, the defendant contends that it is entitled to rely upon the above-emphasized final phrase of section 523(a)(8) because the student loan in question is "for an obligation to repay funds received as an educational benefit, scholarship or stipend...." Thus, the defendant asserts that this debt is nondischargeable under sections 523(a)(8) and 1328(a)(2) against both plaintiffs.

Based on the particular facts and circumstances, this court adopts the cogent rationale and holding of the Honorable Sidney B. Brooks, United States Bankruptcy Judge for the District of Colorado, articulated in *In re Meinhart*, 211 B.R. 750 (Bankr.D.Colo.1997). In *Meinhart*, a strictly for-profit educational program lender filed a complaint under section 523(a)(8) of the Code to determine the dischargeability of the chapter 7 debtor-student's obligation under a promissory note wherein the debtor promised to pay the lender monies in exchange for his enrollment and training in a truck driving course sponsored by the lender. On a

motion for judgment on the pleadings (treated as a motion for summary judgment), Judge Brooks in *Meinhart* held that (1) a strictly "for-profit" lender could not invoke the discharge exception for student loans under section 523(a)(8), and (2) the student loan obligation was not an "educational benefit, scholarship, or stipend," within the meaning of the discharge exception under section 523(a)(8).

More specifically, in *In re Meinhart*, 211 B.R. at 753–754, Judge Brooks stated, inter alia, as follows:

An analysis of a statute must begin with the language of the statute itself. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979).

This Court finds that Plaintiff's position with regard to the scope of Section 523(a)(8) does not comport with the mandate of statutory construction: Where the language of the statute is clear, it must be followed: Court construction is only required where there is an ambiguity. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.' In such cases, the intention of the drafters rather than the strict language controls." *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). See, generally, *U.S. v. Turkette*, 452 U.S. 576, 579–81, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981); *Fidelity Savings & Investment Co. v. New Hope Baptist*, 880 F.2d 1172, 1175 (10th Cir.1989); *In re Storage Technology Corp.*, 48 B.R. 862, 865 (D.Colo.1985). Similarly, the Court is to look "not only to a single sentence or member of a sentence, but to the provisions of the whole law, as to its object and policy." *Dalton v. I.R.S.*, 77 F.3d 1297, 1299

(10th Cir.1996) (citing *Kelly v. Robinson*, 479 U.S. 36, 43, 107 S.Ct. 353, 357, 93 L.Ed.2d 216 (1986)).

Were this Court to accept the Plaintiff's position that the final phrase should be read independently of the former portions of the subsection, the final phrase would subsume the remainder. The former, longer lived portions of Section 523(a)(8) would, therefore, be rendered meaningless. Such a conclusion is contrary to another clear mandate of statutory construction: A statute should not be construed in a way that renders phrases meaningless, redundant, or superfluous. *Rake v. Wade*, 508 U.S. 464, 471, 472, 113 S.Ct. 2187, 2192 124 L.Ed.2d 424 (1993); *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 562, 110 S.Ct. 2126, 2132–2133, 109 L.Ed.2d 588 (1990); *In re Vause*, 886 F.2d 794, 801 (6th Cir.1989); *Seawinds Ltd. v. Nedlloyd Lines, B.V.*, 80 B.R. 181, 185 (N.D.Cal.1987), *aff'd*, 846 F.2d 586 (9th Cir.); *cert. den'd*, 488 U.S. 891, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988); *In re Kirk*, 71 B.R. 510, 515 (C.D.Ill. 1987).

*See also, and among others, In re McClure*, 210 B.R. 985 (Bankr.N.D.Tex. 1997); *In re Owens*, 161 B.R. 829 (Bankr. D.Neb.1993); *In re Segal*, 57 F.3d 342, 347–348 (3rd Cir.1995).

■ Accordingly, there being no genuine issues of material fact and the legal issue presented and submitted to the court, at the request of the parties on motion for judgment on the pleadings, this court finds and concludes that the defendant is a strictly "for-profit" lender for purposes of the student loan discharge exception under sections 1328(a)(2) and 523(a)(8) of the Code and, under a totality of the particular facts and circumstances and applicable case law, does not qualify as a creditor whose student loan debt may be excepted from discharge.

The court will enter a separate bare order finding and concluding that the plaintiffs' debts owed to the defendant are dischargeable under sections 1328(a)(2) and 523(a)(8) of the Code.[3]

---

3. Counsel for the plaintiffs shall submit a proposed bare Order consistent with the foregoing and in accordance with the Local Rules of this Court.